# COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| HAMPDEN,SS. | UNITED STATES DISTRICT COURT<br>DEPARTMENT<br>OF THE TRIAL COURT<br>CA # 04-30172MAP |

|  |  |
|---|---|
| ROBERT DADE<br>    PLAINTIFF<br><br>V.<br><br>BOLAND BUILDERS, INC.,<br>THOMAS M. BOLAND, STUART JONES<br>AND MARY ROSE JONES<br>    DEFENDANTS | ANSWER OF DEFENDANT<br>STUART JONES AND MARY<br>ROSE JONES TO PLAINTIFF<br>ROBERT DADE'S COMPLAINT<br>AND DEMAND FOR JURY TRIAL<br>AND CROSSCLAIM |

1. The defendants Stuart Jones and Mary Rose Jones are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2, 3, 6, 7, 15, 17, and 18; admit the allegations in paragraphs 4, 5, 8, and 9; and deny the allegations contained in paragraphs 10, 11, 12, 13, 14, and 16 of the plaintiff's Complaint.

2. With reference to Count I and II, paragraphs 19 through 26 inclusive, the defendants Stuart Jones and Mary Rose Jones do not respond as the allegations contained therein are not directed to said defendants; but if a response is required, said defendants deny the allegations.

3. With reference to Count III, paragraph 27; the defendant Stuart Jones realleges and restates his answers to the allegations contained in paragraphs 1 through 26 inclusive of the Complaint, and incorporates same by reference herein; and denies the allegations in paragraphs 28, 29, and 30 of the plaintiff's Complaint.

4. With reference to Count IV, paragraph 31; the defendant Mary Rose Jones realleges and restates her answers to the allegations contained in paragraphs 1 through 30 inclusive of the Complaint, and incorporates same by reference herein; and denies the allegations in paragraphs 32, 33, and 34 of the plaintiff's Complaint.

5. The Complaint fails to state a claim against the defendant Stuart Jones upon which relief can be granted.

6. The Complaint fails to state a claim against the defendant Mary Rose Jones upon which relief can be granted.

7. The defendant Stuart Jones says that the plaintiff's injuries and damages were in no way caused by the said defendant, or by anyone for whose conduct the said defendant is legally responsible.

8. The defendant Mary Rose Jones says that the plaintiff's injuries and damages were in no way caused by the said defendant, or by anyone for whose conduct the said defendant is legally responsible.

9. The Complaint is barred because plaintiff's own contributory negligence was the proximate cause of the plaintiff's alleged injuries and damages, and said negligence was greater than the negligence, if any, of the defendant Stuart Jones or was a degree sufficient to reduce any recovery by the said plaintiff by a percentage equal to the degree of plaintiff's negligence.

10. The Complaint is barred because plaintiff's own contributory negligence was the proximate cause of the plaintiff's alleged injuries and damages, and said negligence was greater than the negligence, if any, of the defendant Mary Rose Jones or was a degree sufficient to reduce any recovery by the said plaintiff by a percentage equal to the degree of plaintiff's negligence.

11. The plaintiff's own negligence was a contributing cause of the plaintiff's injuries and damage, and therefore the damages, if any, awarded to the plaintiff should be diminished and reduced in accordance with the law.

12. Plaintiff's action is barred because it was not commenced within the period of time specified in the applicable Statute of Limitations.

13. Plaintiff's injury and damage, if any, were the result of risks, the dangers of which the said plaintiff knowingly and voluntarily assumed.

14. The Court lacks jurisdiction over the said defendant because of insufficiency of service of process.

15. Defendants state that even if there was negligence on their part, which defendants expressly deny, such negligence was not the proximate cause of plaintiff's injuries, but such injuries were the result of an intervening and superseding cause or the result of acts by persons whose conduct the said defendants are not responsible.

16. The defendants Stuart Jones and Mary Rose Jones state that if there was holes cut in the roof as alleged by the plaintiff then said condition was open and obvious to the plaintiff and the defendant is not legally responsible for the alleged condition or alleged injuries to the plaintiff.

WHEREFORE, defendants Stuart Jones and Mary Rose Jones demand judgment dismissing the Complaint of the plaintiff herein, or alternatively, that any recovery be reduced according to the percentage of the said plaintiff's contributory negligence.

The said defendants demands a trial by jury on all issues.

## CROSSCLAIM OF THE OF DEFENDANT STUART JONES AND MARY ROSE JONES AGAINST DEFENDANT BOLAND BUILDERS, INC.

### COUNT I
### (COMMON LAW INDEMNITY)

1. If plaintiff Robert Dade was injured as alleged, which defendants Stuart Jones and Mary Rose Jones deny, then defendants Stuart Jones and Mary Rose Jones allege that the negligent acts, omission, and violations of statutes, codes, and regulations by Boland Builders, Inc., were the sole proximate cause of the plaintiff's accident and injury, if any; that defendants Stuart Jones and Mary Rose Jones did not participate in the negligent acts, omission, and violations of statutes, codes, and regulations, and that the liability of Stuart Jones and Mary Rose Jones, if any, is vicarious and derivative, while the liability of Boland Builders, Inc. is direct and actual.

WHEREFORE, defendants Stuart Jones and Mary Rose Jones demand judgment against Boland Builders, Inc., for all sums that Stuart Jones or Mary Rose Jones is ordered to pay to plaintiff, together with interest, costs and attorneys fees incurred in defending against plaintiff's action.

## COUNT II
## (CONTRIBUTION)

2. If plaintiff Robert Dade was injured as alleged in his Complaint, which defendants Stuart Jones and Mary Rose Jones denies, then the negligent acts, omissions and violations of statutes, codes and regulations by Boland Builders, Inc. was the proximate cause of the plaintiff's accident and injury, if any.

WHEREFORE, defendants Stuart Jones and Mary Rose Jones demand judgment against Boland Builders, Inc. for contribution by Boland Builders, Inc. pursuant to M.G.L. c.231B et. seq., for its share of any sums Stuart Jones or Mary Rose Jones pay or are ordered to pay to plaintiffs.

THE DEFENDANTS
Stuart Jones and Mary Rose Jones

By _____
Their Attorney
Daniel Rider Jr., Esquire
Law Offices of John N. White
1500 Main Street, Suite 922
Springfield, MA 01115-5369
Tel (413) 788-0200
Fax (413) 788-7526
BBO# 552354

## CERTIFICATE OF SERVICE

I, Daniel Rider Jr., Esq., do hereby certify that on September 27, 2004, I have caused a copy of the foregoing document to be served on the parties to the action by mailing, on the above date, a copy, postage prepaid to: Atty. Jack F. St. Clair Esq., 73 Chestnut Street, Springfield, MA, 01103; and Thomas M. Boland, Boland Builders, Inc. 14 Nicholson Road, Southwick, MA 01077.

_____
Daniel Rider Jr., Esq.
BBO# 552354

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document is being filed within the time designated in Standing Order No. 1-88 or by leave of the Regional Administrative Justice.

_____
Daniel Rider Jr., Esq.