UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DADE )<br>    PLAINTIFF )<br>)<br>v. )<br>)<br>BOLAND BUILDERS, INC., )<br>THOMAS M. BOLAND, STUART JONES )<br>AND MARY ROSE JONES )<br>    DEFENDANTS ) | CIVIL ACTION NO. 04-30172-MAP |

**DEFENDANTS STEWART JONES AND MARY ROSE JONES'**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

I.    <u>**SUMMARY OF THE CASE**</u>

Boland Builders, Inc. was hired by Stewart and Mary Rose Jones as General Contractor to complete various renovations to their home located at 169 Worthington Road in Huntington, Massachusetts. *Transcript of Deposition of Mary Rose Jones, Exhibit "A" at pp. 10-12.* Robert Dade was hired as a subcontractor to Seamless Metals which had been subcontracted by Boland Builders to roof the buildings involved in the renovation project. *Plaintiff's Supplemental Answers to Interrogatories, Exhibit "B" at Nos. 5 and 9.* On or about September 7, 2001, Robert Dade was injured when he fell through a hole in the roof of the addition to the Jones' home. *Exhibit "B" at Nos. 3 and 4.* Prior to Robert Dade's fall, Boland Builders had put plywood on the roof of the addition, cut out holes for skylights and put tarpaper over the plywood and the holes. *Transcript of Deposition of Thomas Boland, Exhibit "C" at pp. 17-21.* Thomas Boland marked the location of the skylight holes with grey pencil. *Exhibit "C" at 25-26.* After the skylights had been cut and before Mr. Dade's fall, Thomas Boland stood in the kitchen of the

Jones' home with Robert Dade and showed him exactly where the holes for the anticipated skylights were. *Exhibit "C" at pp. 18-25; Exhibit "A" at pp. 17-18, 25 and Transcript of Deposition of Stewart Jones, Exhibit "D" at pp. 8-10, 16-17.*

## II. ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate where there are no genuine disputes as to material facts and the moving party is entitled to judgment as a matter of law. Saenger Organization, Inc. v. Nationwide Ins. Licensing Assocs., Inc., 119 F.3d 55, 57 (1st Cir. 1997). Allegations of a factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. MacGlashing v. Dunlop Equipment Co., Inc., 89 F.3d 932 (1st Cir. 1996). To avoid summary judgment, the opposing party must produce affirmative evidence demonstrating a genuine issue for trial and mere conclusory allegations cannot be relied upon to defeat a motion for summary judgment.
O. Hodgkins Sales Corp. v. Chrysler Corp., 327 F.Supp. 1020 (D.Mass. 1971).

### B. Defendants Stewart and Mary Rose Jones Did Not Breach a Duty of Care

In order to maintain a negligence action against Stewart and Mary Rose Jones, the plaintiff must establish that the Jones owed some obligation or duty towards him which they left undischarged or unfulfilled. See e.g. Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43 (1973). In his complaint, the plaintiff alleges that the Jones owed the plaintiff a duty to act with reasonable care. However, the plaintiff cannot succeed on these claims against Stewart and Mary Rose Jones as there is no evidence that they breached any duty.

Massachusetts law imposes a duty on a landowner to exercise care to all lawful visitors on its premises. Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43 (1973). The duty of care owed by the property owner to an employee of an independent contractor is the same as that owed all other lawful visitors on the premises. Poirier v. Town of Plymouth, 374 Mass. 206, 372 N.E.2d 212 (1978). A landowner is not a guarantor of the safety of all persons on the property and has no duty to protect a person on the premises from harm that he has no reason to foresee, or which he cannot reasonably prevent. Whittaker v. Saraceno, 418 Mass. 196, 635 N.E.2d 1185 (1994). Moreover, if a risk is of such a nature that it would be obvious to a person of average intelligence, there is no duty on the part of the property owner to warn of the risk. Polak v. Whitney, 21 Mass.App.Ct. 349, 487 N.E.2d 213 (1985).

In this case, the plaintiff alleges that the Jones breached their duty of care by "allowing the plaintiff to be led on to the roof, allowing the plaintiff to be on the roof, concealing the holes from view, failing to warn the plaintiff of the existence of the holes of which the defendant knew and/or failing to place other adequate warning of the existence of the holes." *Complaint, Exhibit "E" at ¶¶ 27-34*. However, as is set forth below, the defendants Stewart and Mary Rose Jones did not retain any control over the construction project, did not assume any responsibility for worksite safety and did not breach any duty of care as alleged by plaintiff.

1. Defendants Stewart and Mary Rose Jones did not Retain Any Control Over the Construction Project so as to Impose Upon Them an Additional Responsibility for Worksite Safety.

As set forth above, a landowner must use reasonable care to maintain his property in a reasonably safe condition for employees of an independent contractor hired to do work on his property. Poirier v. Town of Plymouth, 374 Mass. 206, 372 N.E.2d 212 (1978). If a landowner

or employer retains the right to control the work for which the independent contractor has been hired, then he has a duty to exercise that control with reasonable care for the safety of the independent contractor's employees. Corsetti v. Stone, 396 Mass. 1, 483 N.E.2d 793 (1985).

In this case, the defendants Stewart and Mary Rose Jones did not retain the right to control any of the work completed on the project. Because neither of the Jones are experienced as contractors or roofers, and because neither have worked in the construction industry or have expertise related to construction standards or practices, they hired Boland Builders, Inc. as General Contractor to complete various renovations to their home. *Transcript of Deposition of Mary Rose Jones, Exhibit "A" at pp. 10-12.* The building permit for the renovation work was issued to Thomas Boland as contractor with Stewart Jones listed as Owner. Stewart Jones did not apply for a Homeowner License Exemption which, arguably, would have deemed him Construction Supervisor. *See Building Permit and Homeowner License Exemption attached hereto as Exhibit "F".*

Once the renovations began, there is no evidence that either Stewart or Mary Rose Jones exercised any control at all over the work completed. Although the Jones were generally aware of the renovations and had some initial input into the work to be completed, there is absolutely no evidence that either Stewart or Mary Rose Jones involved themselves in the performance of the work as to undertake responsibility for the overall safety of the plaintiff. Accordingly, the Jones did not have a duty above and beyond a general duty of care.

2.   **Defendants Stewart and Mary Rose Jones Did Not Breach Their Duty of Care Owed to Plaintiff as Owners of the Premises.**

Plaintiff alleges that, on the morning prior to his fall, he climbed up on to the roof of the addition to have a conversation with Thomas Boland regarding the work to be done on the roof and when the work would begin. *Transcript of Deposition of Robert Date, Exhibit "G", at pp. 40-41.* Plaintiff states that Thomas Boland told him skylights were going in and Plaintiff told Mr. Boland that he would not begin work on the roof of the addition until the following Monday. *Id.* After this conversation, plaintiff returned to work on the roof of the barn. *Id. at 44.* Later that afternoon, after completing work on the barn, plaintiff decided to go back onto the roof of the addition to take some measurements. *Id. at 44.* Mr. Boland was not on the site at the time plaintiff decided to go back onto the roof of the addition and plaintiff did not advise anyone that he was going onto the roof. *Id. at 44-45, 49-50.* Despite knowing that skylights were going into the roof, the plaintiff took no steps to determine whether or not any holes had been cut for the skylights prior to walking around on the roof of the addition. *Id. at 48-49.*

All of the defendants have further testified that the plaintiff was present during a "walk through" wherein Mr. Boland stood in the kitchen with the plaintiff and showed him exactly where the holes were. *Exhibit "C" at pp. 18-25; Exhibit "A" at pp. 17-18, 25 and Transcript of Deposition of Stewart Jones, Exhibit "D" at pp. 8-10, 16-17.* Mr. Boland has also testified that he marked the location of the holes on the tarpaper that he had laid over the holes. *Exhibit "C" at 25-26.*

Plaintiff alleges that the Jones breached their duty of care by "allowing the plaintiff to be led on to the roof, allowing the plaintiff to be on the roof, concealing the holes from view, failing to warn the plaintiff of the existence of the holes of which the defendant knew and/or failing to place other adequate warning of the existence of the holes." *Complaint, Exhibit "E" at ¶¶ 27-34.*

Although Massachusetts law imposes a duty on a landowner to exercise care to all lawful visitors on its premises, a landowner is not a guarantor of the safety of all persons on the property and has no duty to protect a person on the premises from harm that he has no reason to foresee, or which he cannot reasonably prevent. Whittaker v. Saraceno, 418 Mass. 196, 635 N.E.2d 1185 (1994).

Defendants Stewart and Mary Rose Jones first argue that it is not reasonable to expect that their duty to exercise care would encompass dictating when and if the plaintiff could be on the roof. As is set forth above, the Jones maintained no control over the work performed and as the plaintiff himself has testified, he did not believe that he needed permission to go on the roof and did not advise anyone that he intended to go on the roof prior to his fall. *Transcript of Deposition of Robert Dade, Exhibit "G" at pp. 49-50.* Therefore, it is not reasonable for plaintiff to allege that the Jones breached a duty owed to him by allowing him to be led, by the General Contractor Boland, on to the roof and allowing him to be on the roof. This is precisely why plaintiff was hired: to roof the addition.

Next, Stewart and Mary Rose Jones deny that the holes were concealed from view as plaintiff alleges. Regardless, the Jones certainly did not personally "conceal the holes from view" as plaintiff has alleged no did they have any control over the performance of Boland's work such that they would have been involved in any decisions relating to the covering of the holes.

Finally, the Jones acknowledge that they were aware that the contractor had cut holes in the roof for the purpose of installing skylights. However, it is their testimony, and that of Defendant Boland, that the plaintiff was also aware that the holes had been cut. Furthermore, the plaintiff testified that he informed Defendant Boland that he would not begin any work on the

roof on the addition until the following Monday and did not tell anyone before he ascended the roof on the afternoon of his fall. Based upon their belief that the plaintiff was already aware of the holes, and the fact that Stewart and Mary Rose Jones had no idea plaintiff would be on the roof on the afternoon of his fall, there is no evidence that the Jones had any reason to foresee or any opportunity to prevent the harm that occurred to the plaintiff. Whittaker v. Saraceno, 418 Mass. 196, 635 N.E.2d 1185 (1994). Summary Judgment is appropriate if a plaintiff has no reasonable expectation of proving that his injury was a foreseeable result of any alleged negligent conduct by defendants. See e.g. Kent v. Commonwealth, 437 Mass.312, 771 N.E.2d 770 (2002).

Pursuant to Massachusetts law, if a risk is of such a nature that it would be obvious to a person of average intelligence, there is no duty on the part of the property owner to warn of the risk. Polak v. Whitney, 21 Mass.App.Ct. 349, 487 N.E.2d 213 (1985). As is set forth above, Stewart and Mary Rose Jones have testified that plaintiff was present at a walk-through at which time Mr. Boland pointed out the location of the holes that had been cut for the skylights. As a roofer, the resulting risk should have been obvious to Mr. Dade.

The plaintiff has not produced any evidence that supports his claims of negligence against Stewart and Mary Rose Jones and those claims must be dismissed.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth in full above, the Defendants Stewart and Mary Rose Jones respectfully request that this Court enter an Order allowing their Motion for Summary Judgment and dismissing Plaintiff Robert Dade's claims against Stewart and Mary Rose Jones.

Respectfully submitted:

_____
Attorney for Defendants
Stewart Jones and Mary Rose Jones
Daniel H. Rider, Jr., Esq.
Law Offices of John N. White
1500 Main Street, Suite 922
P.O. Box 15369
Springfield, MA 01115-5369
(413) 788-0200
BBO #552354

## **CERTIFICATE OF SERVICE**

I, Daniel H. Rider, Jr. Esq., do hereby certify that on February 17, 2006, I have caused a copy of the foregoing document to be served on the parties to the action by mailing, on the above date, a copy, postage prepaid to: John A. Cvejanovich, Esquire, O'Connell Flaherty & Attmore, 1350 Main Street, Springfield, MA 01103 and Nancy Frankel Pelletier, Esq., Robinson Donovan P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115.

_____
Daniel H. Rider, Jr., Esq.
BBO# 552354