UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30172-MAP

| | |
|---|---|
| ROBERT DADE,<br>  Plaintiff<br><br>v.<br><br>BOLAND BUILDERS, INC., THOMAS<br>M. BOLAND, STUART JONES AND<br>MARY ROSE JONES,<br>  Defendants | )<br>)<br>)<br>)<br>)<br>) PLAINTIFF'S MOTION TO<br>) AMEND COMPLAINT<br>)<br>)<br>)<br>)<br>) |

NOW COMES the Plaintiff, Robert Dade, to move this Honorable Court to permit him to amend his Complaint to conform with the evidence and known facts.

## BACKGROUND

This suit arises out of a fall by Robert Dade (Dade) on September 7, 2001. Defendants Stewart and Mary Rose Jones (Jones) renovated their home, hiring Thomas Boland and Boland Builders, Inc. (Boland) to perform the renovations. Dade was a roofer hired to install a metal roof on the house. Pursuant to the Jones' request, Boland cut holes in the roof to install skylights, covering them with tarpaper. At a later time, Dade was on the roof making measurements, when he stepped onto and through the hole, injuring himself.

Suit was filed September 2004. The specific allegations of negligence as to Boland and Boland Builders were:

> 21. The Defendant [Thomas Boland] breached his duty to the Plaintiff by, inter alia, leading the Plaintiff onto the roof, concealing the holes from view, failing to warn the Plaintiff of the existence of the holes, and/or failing to place other adequate warning of the existence of the holes.

1

> 25. The Defendant *[Boland Builders, Inc.]* breached its duty to the Plaintiff by, <u>inter alia</u>, leading the Plaintiff onto the roof, concealing the holes from view, failing to warn the Plaintiff of the existence of the holes, and/or failing to place other adequate warning of the existence of the holes.

The allegations against the Joneses were essentially the same:

> 29. The Defendant *[Stewart Jones]* breached his duty to the Plaintiff by, <u>inter alia</u>, leading the Plaintiff onto the roof, concealing the holes from view, failing to warn the Plaintiff of the existence of the holes, of which the Defendant knew, and/or failing to place other adequate warning of the existence of the holes.
>
> 33. The Defendant *[Mary Rose Jones]* breached her duty to the Plaintiff by, <u>inter alia</u>, leading the Plaintiff onto the roof, concealing the holes from view, failing to warn the Plaintiff of the existence of the holes, of which the Defendant knew, and/or failing to place other adequate warning of the existence of the holes.

## STANDARD

F.R.Civ.P. Rule 15 states: (a) "[A] party may amend the party's pleading only by leave of court, or by written consent of the adverse party; and leave shall be freely given when justice so requires . . . (b) When issues not raised by the pleadings are tried by the express or implied consent of the parties, they **shall** be treated in all respects as if they had been raised in the pleadings."

## ARGUMENT

Plaintiff seeks to add as a specification of neligence that Boland and Boland Builders created a hazardous condition on the premises by cutting the hole in the roof and failing to cover it, and that the Joneses were aware of the hazard (the cut hole) and failed to cover it, or require Boland to cover it.

The amendment will simply conform the Complaint to the evidence which has been established, and the facts well known by all parties. The facts themselves are set forth in the Complaint, and are admitted to in each Defendant's deposition. (See Ex. A, Boland Deposition,

pp. 17-19, 39-41; Ex. B, Mary Rose Jones Deposition, pp. 20-22; Ex. C, Stewart Jones Deposition, pp. 9-12).

Trial is scheduled April 24, with a Final Pretrial Conference April 13. However, the timing of the amendment should not be a basis for denial. The mere fact that a party seeks to amend its pleading at a late stage of litigation is not sufficient to bar the amendment without a specific showing that a party is prejudiced. Forman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d. 222 (1962); United States v. Hougham, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960); Austin v. Unarco Ind. Inc., 705 F.2d 1 (1st Cir., 1983); Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15 (1st Cir. 1979); Howey v. United States, 481 F.2d 1187 (9th Cir. 1973).

There is no prejudice to the Defendants. There are no new facts being asserted, and the additional theory is implicit in the previously alleged acts and omissions of negligence. They would of necessity be admissible and proven at trial and the issue would then be "treated in all respects as if raised in the pleading."

Plaintiff attaches as Ex. D. his proposed amended Complaint.

THE PLAINTIFF ROBERT DADE

By: /s/ John A. Cvejanovich
John A. Cvejanovich, BBO #549285
O'CONNELL, FLAHERTY & ATTMORE, LLC
1350 Main Street
Springfield, MA 01103
(413) 747-1773 (phone)
(413) 746-1529 (fax)

CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that on 3/3/06 I served the within document, within the time standards provided therefor, on the parties to this action by mailing a copy, postage prepaid, to all counsel of record.

John A. Cvejanovich

3