UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30172-MAP

ROBERT DADE,
  Plaintiff

v.

BOLAND BUILDERS, INC., THOMAS
M. BOLAND, STEWART JONES AND
MARY ROSE JONES,
  Defendants

PLAINTIFF'S AMENDED COMPLAINT

## INTRODUCTION

The Plaintiff was a construction laborer. He entered into a subcontract with a contractor, the Defendant Thomas M. Boland and/or the Defendant Boland Builders, Inc., to install a metal roof at the home of the Defendants Stewart and Mary Rose Jones. This is an action to recover for injuries sustained by the Plaintiff when he fell through concealed skylight holes on the roof of the residence.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. 1332, diversity of citizenship. The Plaintiff is a citizen of the State of Connecticut. The Defendants Stewart and Mary Rose Jones are citizens of the Commonwealth of Massachusetts. Upon information and belief, the Defendant Thomas M. Boland is a citizen of Massachusetts. The amount in controversy exceeds $75,000.00.

## PARTIES

1. The Plaintiff Robert Dade resides at 43 Irving Street, Bristol, Connecticut.

1

2. The Defendant Boland Builders, Inc. is a Massachusetts corporation with a principle place of business at 14 Nicholson Hill Road, Southwick, Hampden County, Massachusetts.
3. The Defendant Thomas M. Boland resides at 14 Nicholson Hill Road, Southwick, Hampden County, Massachusetts
4. The Defendant Stewart Jones resides at 169 Worthington Road, Huntington, Massachusetts.
5. The Defendant Mary Rose Jones resides at 169 Worthington Road, Huntington, Massachusetts.

## STATEMENT OF FACTS

6. On or about September 7, 2001, there was a contract for construction services in effect between the Plaintiff Robert Dade (subcontractor) and the Defendant Thomas Boland and/or the Defendant Boland Builders, Inc. (contractor).
7. Thomas Boland, at all relevant times, was the president of Boland Builders, Inc.
8. The Plaintiff was supposed to install a metal roof on a home and garage located at 169 Worthington Road, Huntington, Massachusetts.
9. Upon information and belief, the home and garage at 169 Worthington Road, Huntington, Massachusetts were, at all times relevant hereto, owned by the Defendants Jones.
10. On September 7, 2001, Boland led the Plaintiff onto the already-existing plywood roof which was covered with tarpaper.
11. Boland explained to the Plaintiff the work he waanted to be done on the roof and indicated with some vague gestures where skylights would be installed.
12. At no time did Boland inform the Plaintiff that the openings for the skylights had already been cut into the roof.
13. Moreover, the Defendants Jones were on-site and observing the work being done.
14. Although the Defendants Jones knew of the skylight holes that were concealed, and knew that the Plaintiff would be on top of the roof and had no reason to know of such holes, they did not warn the Plaintiff of the existence of such holes.
15. There were no warning signs posted and/or no areas cordoned off to apprize persons of the fact that said holes existed under the layer of tarpaper.

16. Thus, the skylight openings were invisible to the Plaintiff and he received no warnings as to their existence from the Defendant Boland, the Defendant Boland Builders, Inc., the Defendant Stewart Jones, or the Defendant Mary Rose Jones.
17. The Plaintiff began to work at the site and, while in the process of taking measurements on the roof, fell through a skylight opening, landing approximately thirteen feet below.
18. As a direct result of the fall, the Plaintiff suffered injuries and damages.

## COUNT I
## NEGLIGENCE V. THOMAS M. BOLAND

19. The Plaintiff reavers the allegations of Paragraphs 1 through 18 of this Complaint.
20. The Defendant Thomas M. Boland owed the Plaintiff a duty to act with reasonable care.
21. The Defendant breached his duty to the Plaintiff by, inter alia, cutting holes in the roof, and failing to cover them with plywood or some other weight-bearing material, leading the Plaintiff onto the roof, concealing the holes from view, failing to warn the Plaintiff of the existence of the holes, and/or failing to place other adequate warning of the existence of the holes.
22. As a direct and proximate result of the Defendant's negligence, the Plaintiff, who did not know of the holes, nor reasonably could have known of the holes, fell through the holes and was injured.

WHEREFORE, the Plaintiff Robert Dade respectfully demands judgment for NEGLIGENCE against the Defendant Thomas M. Boland and requests that this Court award damages, with interest, and all such other relief as this Court deems just and equitable.

## COUNT II
## NEGLIGENCE V. BOLAND BUILDERS, INC.

23. The Plaintiff reavers the allegations of Paragraphs 1 through 22 of this Complaint.
24. The Defendant Boland Builders, Inc. owed the Plaintiff a duty to act with reasonable care.
25. The Defendant breached its duty to the Plaintiff by, inter alia, cutting holes in the roof, and failing to cover them with plywood or some other weight-bearing material, leading the Plaintiff onto the roof, concealing the holes from view, failing to warn the Plaintiff of

the existence of the holes, and/or failing to place other adequate warning of the existence of the holes.

26. As a direct and proximate result of the Defendant's negligence, the Plaintiff, who did not know of the holes, nor reasonably could have known of the holes, fell through the holes and was injured.

WHEREFORE, the Plaintiff Robert Dade respectfully demands judgment for NEGLIGENCE against the Defendant Boland Builders, Inc. and requests that this Court award damages, with interest, and all such other relief as this Court deems just and equitable.

## COUNT III
## NEGLIGENCE V. STEWART JONES

27. The Plaintiff reavers the allegations of Paragraphs 1 through 26 of this Complaint.
28. The Defendant Stewart Jones owed the Plaintiff a duty to act with reasonable care.
29. The Defendant breached his duty to the Plaintiff by, *inter alia*, failing to cover the holes, or require that the holes be covered with plywood or some other weight-bearing material, leading the Plaintiff onto the roof, concealing the holes from view, failing to warn the Plaintiff of the existence of the holes, of which the Defendant knew, and/or failing to place other adequate warning of the existence of the holes.
30. As a direct and proximate result of the Defendant's negligence, the Plaintiff, who did not know of the holes, nor reasonably could have known of the holes, fell through the holes and was injured.

WHEREFORE, the Plaintiff Robert Dade respectfully demands judgment for NEGLIGENCE against the Defendant Stewart Jones and requests that this Court award damages, with interest, and all such other relief as this Court deems just and equitable.

## COUNT IV
## NEGLIGENCE V. MARY ROSE JONES

31. The Plaintiff reavers the allegations of Paragraphs 1 through 30 of this Complaint.
32. The Defendant Mary Rose Jones owed the Plaintiff a duty to act with reasonable care.
33. The Defendant breached her duty to the Plaintiff by, *inter alia*, failing to cover the holes, or require that the holes be covered with plywood or some other weight-bearing material,

leading the Plaintiff onto the roof, concealing the holes from view, failing to warn the Plaintiff of the existence of the holes, of which the Defendant knew, and/or failing to place other adequate warning of the existence of the holes.

34. As a direct and proximate result of the Defendant's negligence, the Plaintiff, who did not know of the holes, nor reasonably could have known of the holes, fell through the holes and was injured.

WHEREFORE, the Plaintiff Robert Dade respectfully demands judgment for NEGLIGENCE against the Defendant Mary Rose Jones and requests that this Court award damages, with interest, and all such other relief as this Court deems just and equitable.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

THE PLAINTIFF ROBERT DADE

By: _____
John A. Cvejanovich, BBO #549285
O'CONNELL, FLAHERTY & ATTMORE, LLC
1350 Main Street
Springfield, MA 01103
(413) 747-1773 (phone)
(413) 746-1529 (fax)

CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that on 3/3/06 I served the within document, within the time standards provided therefor, on the parties to this action by mailing a copy, postage prepaid, to all counsel of record.

_____
John A. Cvejanovich

5