UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30172-KPN

| | |
|---|---|
| ROBERT DADE,<br>        Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| BOLAND BUILDERS, INC.,<br>THOMAS M. BOLAND, STUART JONES<br>AND MARY ROSE JONES,<br>        Defendants | )<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO REOPEN DISCOVERY AND STAY TRIAL

NOW COME the defendants in the above-captioned matter and respectfully move this Court reopen discovery and stay the trial presently scheduled for April 24, 2006. As grounds therefor and in support thereof, the defendants state as follows.

From the outset, the plaintiff has asserted that he was hired by the defendant, Thomas M. Boland, to perform certain work on the premises of the defendants, Stuart Jones and Mary Rose Jones. Attached hereto and marked as Exhibit A is correspondence dated December 17, 2003 from plaintiff's then counsel confirming the same. The consistent position was maintained at all times prior to the institution of litigation and during the process of this litigation up and until the deposition of the plaintiff. Attached hereto and marked as Exhibit B is the plaintiff's original Automatic Disclosure. Attached hereto and marked as Exhibit C are the plaintiff's original Answers to Interrogatories. The Court is directed to Interrogatory Nos. 5, 9 and 13. In response to Interrogatory No. 5, the plaintiff stated, *inter alia*, "I was hired by a contractor, Thomas Boland, to install a metal roof on a home…." Additionally, and perhaps most importantly, the plaintiff was asked and responded to Interrogatory No. 13 as follows:

421910

**Interrogatory No. 13.**

Contrary to the representations made prior to and during the course of this litigation, at his deposition, for the first time, the plaintiff testified that, in fact, he was not engaged by Boland Builders and/or Thomas Boland but, rather was a "subcontractor" of Seamless Metal Roofing. Attached hereto and marked as Exhibit D are portions of the transcripts of the plaintiff's deposition relating to the same.

Subsequent to the deposition, the plaintiff amended his Automatic Disclosure and Answers to Interrogatories. Copies of the Supplemental Automatic Disclosure and Supplemental Answers to Interrogatories are attached hereto and marked as Exhibits E and F, respectively. For the first time, the plaintiff, in Automatic Disclosure, includes the identity of his father and indicates that his father bid the subject job for "Seamless Metals" and, further, that his father hired him as a "subcontractor".

Additionally, in the Answers to Interrogatories, again, the plaintiff substantially changes his position alleging that he was a subcontractor to "Seamless Metals" which had, in turn, been subcontracted by the defendant, Boland Builders.

From the inception of this litigation, the plaintiff has alleged that a contract existed between he and the defendant, Thomas Boland, and/or defendant, Boland Builders. See Plaintiff's Complaint, ¶ 6. It is now abundantly clear that no such contract existed and, in fact, the plaintiff has admitted that no one at Boland Builders, including the defendant, Thomas Boland, knew of his relationship with Seamless Metal Roofing. Because the liability of the defendants rests, in large part, on the legal relationship between said defendants and the plaintiff, the blatant misrepresentations have prejudiced the defendants in the defense of this matter. Minimally, the defendants request leave to depose Robert E. Dade and subpoena documents from Seamless Metal Roofing to clarify the relationship between Seamless Metal Roofing and

421910

the plaintiff. It is quite conceivable that Seamless Metal Roofing should be a party to this litigation. The defendants do not wish to undertake efforts to add Seamless Metal Roofing, however, unless and until it receives further documentation to support this potential claim. It is for that reason, first, that the defendants seek leave to reopen discovery and stay the trial of this matter.

Additionally, the plaintiff, since the inception of this litigation, misidentified a key witness to this accident depriving the defendants of the opportunity to communicate with him. Again, the Court is directed to the initial Automatic Disclosure, Supplemental Answers to Interrogatories and Supplemental Automatic Disclosure as well as the plaintiff's deposition testimony wherein it became known, for the first time, that the individual identified as "Mike Voli" was, in fact, Michael Volonino. The defendants have undertaken efforts, through a private investigator, to locate and communicate with "Mike Voli", to no avail. It is now clear that their efforts were futile as this individual, apparently, never existed. The defendants seek leave to depose Michael Volonino and/or minimally, communicate with him so as to determine what, if any, testimony he intends to offer in this case.

The defendants note that the delay caused by the instant motion is through no fault of their own. Again, the plaintiff's position from December, 2003 through mid-January, 2006 has consistently been contrary to that only recently proffered. It is unduly prejudicial to the defendants to force them to trial without the opportunity to depose and/or communicate with the witnesses and further determine whether there exists another party potentially liable for the injuries alleged by the plaintiff and/or to indemnify the defendants herein.

421910

WHEREFORE, based upon the foregoing, the defendants respectfully request leave to conduct further discovery and further that the trial presently scheduled for April 24, 2006 be continued.

        THE DEFENDANTS
        BOLAND BUILDERS, INC. AND
        THOMAS M. BOLAND


By   */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402
npelletier@robinson-donovan.com

        THE DEFENDANTS
        STUART JONES AND
        MARY ROSE JONES


By   */s/ Daniel H. Rider, Jr.*
Daniel H. Rider, Jr., Esq., of
The Law Office of John N. White
1500 Main Street
P.O. Box 15369
Springfield, Massachusetts 01115
Phone (413) 788-0200  Fax (413) 788-7526
BBO No.:

### CERTIFICATE OF CONSULTATION

The undersigned states, in accordance with Rule 7.1 of the Local Rules of the United States District Court that an effort was made to resolve this matter and the plaintiff does not oppose the instant motion.

        */s/ Nancy Frankel Pelletier*
        Nancy Frankel Pelletier, Esq.

421910

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 14th day of March, 2006.

                                                 */s/ Nancy Frankel Pelletier*
                                               Nancy Frankel Pelletier

421910