UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DADE,<br>   Plaintiff<br><br>  v.<br><br>BOLAND BUILDERS, INC.,<br>THOMAS M. BOLAND,<br>STUART JONES, and<br>MARY ROSE JONES,<br>   Defendants | CIVIL ACTION NO. 04-30172-MAP |

### Plaintiff Robert Dade's Initial Disclosures Pursuant to Rule 26(a)(1) Of The Federal Rules of Civil Procedure

The Plaintiff Robert Dade hereby submits his initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure:

A. Name/address/telephone of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

**RESPONSE**:

1. Robert Joseph Dade, 44A Carlson Street, Bristol, CT: He is expected to testify as to the circumstances prior to the fall, the conversations with the Defendants, the condition of the roof, his fall and his damages.

2. Thomas Boland, 14 Nicholson Hill Road, Southwick, MA: He is expected to testify to the nature of his relationship with Mr. Dade, his conversations with Mr. Dade, the condition of the roof prior to, and after, Mr. Dade's fall.

3. Stuart and Mary Rose Jones, 169 Worthington Road, Huntington, MA: They are expected to testify to their relationship with Mr. Dade, their conversations with

Mr. Dade, the condition of the roof prior to, and after, Mr. Dade's fall, and the fall.

4. Michael Moffit, Bristol, CT: He was Mr. Dade's partner at the time and was directly behind Mr. Dade on the roof. He is expected to be able to testify regarding the condition of the roof and Mr. Dade's fall.

5. Michael Voli, Birch Street, Bristol, CT: He was on the job site and working for Mr. Dade through Seamless Metals. He is expected to testify to the condition of the roof and to what he witnessed.

6. Keith Bryant: He was also working for Mr. Dade through Seamless Metals and was at the job site. He is expected to be able to testify as to the condition of the roof and to what he witnessed.

7. Brian Sutton, M.D., Noble Hospital, 115 W. Silver Street, Westfield, MA: regarding the nature and extent of Mr. Dade's injuries suffered as a result of the fall.

8. Richard M. Kane, M.D., 72 Mill Street, Westfield, MA: regarding the nature and extent of Mr. Dade's injuries suffered as a result of the fall.

9. Michael Aronow, M.D., University Physicians, Ten Talcott Notch Road, Farmington, CT: regarding the nature and extent of Mr. Dade's injuries suffered as a result of the fall.

B. Copy/Description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

**RESPONSE:**

1. Medical records from Noble Hospital. (Please see response to document request of Defendants Stuart and Mary Rose Jones.)

2. Noble Hospital bills; Richard M. Kane, M.D. bills; Westfield Radiology Associates bills; Huntington Lions Club Ambulance bills; receipts for the purchase of medications. (Please see response to document request of Defendants Stuart and Mary Rose Jones.)

3. Medical records of Dr. Richard Kane; medical records of Dr. Michael S. Aronow; (Please see response to document request of Defendants Stuart and Mary Rose Jones.)

4. Seamless Metal Roofing Co., Find Report: September through December 2001, January through December 2001. (Please see response to document request of Defendants Stuart and Mary Rose Jones.)

5. Two photographs of the site of the fall. (Please see response to document request of Defendants Stuart and Mary Rose Jones.)

6. Application of insurance demonstrating the Plaintiff was not covered by insurance. (Please see response to document request of Defendants Stuart and Mary Rose Jones.)

C. Computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

**RESPONSE:** Please see documents to which Paragraph B refers, and specifically, the medical records and lost wage information (Find Reports).

D.  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:** N/A.

                      THE PLAINTIFF
                      ROBERT DADE

BY: _Jack F. St. Clair_
MARY H. PATRYN, ESQ.
BBO #633114
JACK F. ST. CLAIR, ESQ.
BBO #438100
73 Chestnut Street
Springfield, MA 01103
(413) 737-5000 - telephone
(413) 731-1302 - facsimile

Dated: January 28, 2005

Certificate of Service

I, Mary H. Patryn, do hereby certify that on January 28, 2005, the foregoing was served on all parties of record by U.S. First Class Mail, postage pre-paid, to:

| | |
|---|---|
| Daniel H. Rider, Esq. | Nancy Frankel Pelletier, Esq. |
| 1500 Main St., Suite 922 | Robinson, Donovan, P.C. |
| P.O. Box 15369 | 1500 Main Street, Suite 1600 |
| Springfield, MA 01115-5369 | Springfield, MA 01115 |

_Jack F. St. Clair_
MARY H. PATRYN