UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30172-KPN

| | |
|---|---|
| ROBERT DADE,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| BOLAND BUILDERS, INC.,<br>THOMAS M. BOLAND, STUART JONES<br>AND MARY ROSE JONES,<br>    Defendants | )<br>)<br>)<br>)<br>) |

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

1. Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case. Before you do that, I will instruct you on the law.

   It was obvious to me throughout the trial that you faithfully discharged your duty to listen carefully to all the evidence and to observe each of the witnesses. I now ask you to give me that same close attention, as I instruct you on the law.

   My function as the judge in this case has been to see that this trial was conducted fairly, orderly, and efficiently. It was also my responsibility to rule on what you may consider as evidence, and to instruct you on the law which applies to this case.

   It is your duty as jurors to accept the law as I state it to you. You should consider all my instructions as a whole. You may not ignore any instruction, or give special attention to any one instruction. You must follow the law as I give it to you whether you agree with it or not.

2. You must take the law as I give it to you. You should not be concerned about the wisdom of any rule of law that I give you. Whatever your private opinions about what the law is or ought to be, it is your duty to base your verdict on the law as I define it to you.

3. If I devote a bit more time to discussing any particular charge or part of the charge, you are not to infer anything from the length of my discussion. Some matters may take longer to explain, but that is not a guide to their relative importance and is not an indication that I have an opinion on any issue in this case.

4. It was the duty of both lawyers in this case to object when the other side offered evidence which that lawyer believed was not admissible under our rules of evidence. They also had

423351

an obligation to ask to speak to me at the judge's bench about questions of law, which the law requires me to rule on out of your hearing.

The purpose of such objections and rulings is not to keep relevant information from you. Just the opposite: they are to make sure that what you hear is relevant to this case, and that the evidence is presented in a way that gives you a fair opportunity to evaluate its worth.

You should not draw any inference, favorable or unfavorable, to either attorney or his client for objecting to proposed evidence or asking me to make such rulings. That is the function and responsibility of the attorneys here.

5. Your function as the jury is to determine the facts of this case. You are the sole and exclusive judges of the facts. You alone determine what evidence to accept, how important any evidence is that you *do* accept, and what conclusions to draw from all the evidence. You must apply the law as I give it to you to the facts as you determine them to be, in order to decide whether the plaintiff has proved his case.

You should determine the facts based solely on a fair consideration of the evidence. You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side. You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

You are not to decide this case based on what you may have read or heard outside of this courtroom. You are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been.

You should not consider anything I have said or done during the trial—in ruling on motions or objections, or in comments to the attorneys, or in questions to witnesses, or in setting forth the law in these instructions—as any indication of my opinion as to how you should decide the case. If you believe that I have expressed or hinted at any opinion about the facts of this case, please disregard it. I have no opinion about the facts or what your verdict ought to be; that is solely and exclusively your duty and responsibility.

In short, you are to confine your deliberations to the evidence and nothing but the evidence.

6. From time to time during the trial it may have been necessary for me to talk with the lawyers out of your hearing, either by having a conference at the judge's bench while you are present in the courtroom, or by calling a recess.

The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence.

7. You must not discuss the case with anyone, even with your fellow jurors, until all of the evidence has been presented, the final arguments have been made and I have instructed

423351

you on applicable law and the case is submitted to you. After it is submitted to you, you may discuss it only in the jury room with your fellow jurors.

8.  You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture. The evidence consists of the testimony of witnesses, as you recall it, any documents or other things that were received into evidence as exhibits, and any fact on which the lawyers have agreed or which I have told you that you may accept as proved. You will have all of the exhibits with you in the jury room. You alone will decide the weight-that is, the value-that they deserve to receive in helping you make your ultimate judgment about whether the plaintiff has proved his case. You are not required to believe something simply because it is written on a piece of paper or appears in a photograph. You are not, of course, required to disbelieve it because it appears there. Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to decide.

    Of course, the quality or strength of the proof is not determined by the sheer volume of evidence or the number of witnesses or exhibits. It is the *weight* of the evidence, its strength in tending to prove the issue at stake, that is important. You might find that a smaller number of witnesses who testify to a particular fact are more believable than a larger number of witnesses who testify to the opposite.

    Some things that occur during a trial are *not* evidence and you may *not* consider them as evidence in deciding the facts of this case. A question put to a witness is never evidence; only the answers are evidence. Also, you may not consider any answer that I struck from the record and told you to disregard. Do not consider such answers. You may not consider any item that was marked for identification but was never received in evidence as an exhibit. Anything that you may have seen or heard when the court was not in session is not evidence.

    The opening statements and the closing arguments of the lawyers are not a substitute for the evidence. They are only intended to assist you in understanding the evidence and the contentions of the parties. My instructions and anything that I have said in passing during the trial are not evidence. If your memory of the testimony differs from the attorneys' or mine, you are to follow your own recollection.

    Consider the evidence as a whole. Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

9.  A deposition is testimony that was given out of court by a witness under oath, in response to questions asked by either of the attorneys. You are to treat a deposition in the same way as if the testimony had been given here in court. As with all witnesses, it is for you to determine how believable and how significant that testimony is.

    Fed. R. Civ. P. 30, 30A, 32.

10. There are two types of evidence that you may use to determine the facts of a case: direct evidence and circumstantial evidence. You have direct evidence where a witness testifies

423351

directly about the fact that is to be proved, based on what [he/she] claims to have seen or heard or felt with his own senses, and the only question is whether you believe the witness. You have circumstantial evidence where no witness can testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact that is to be proved.

The second rule is that any inferences or conclusions you draw must be reasonable and natural, based on your common sense and experience of life.

11. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Inferences are things you do every day: little steps in reasoning, in which you take some known information, apply your experience in life to it, and then draw a conclusion.

You may draw an inference even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.

12. Let me give you an example of what an inference is. If your mailbox was empty when you left home this morning, and you find mail in it when you go home tonight, you may infer that the mailman delivered the mail. Now, obviously, you did not see the mailman deliver the mail, but from the fact that it was empty this morning and is filled tonight, you can properly infer that the mailman came in the interim and delivered the mail. That is all that we mean by an inference.

13. You draw such inferences every day. If your son leaves your house in the morning with an umbrella, without saying anything, you can draw two conclusions: he thinks it's raining outside and he intends to go out in the rain. Those two conclusions are inferences about his knowledge and his intent. They are reasonable because you know that's what such behavior indicates.

14. During this trial, it is the duty of the attorneys to object to evidence that may not be admissible under our rules of evidence.

If I "sustain" an objection-that is, if I do not allow the witness to answer-you are to disregard that question and you must not wonder or guess about what the answer might have been. An unanswered question is not evidence.

Please note also that a lawyer's question itself, no matter how artfully phrased, is not any evidence. A question can only be used to give meaning to a witness's answer. If a question includes any suggestions or insinuations, you are to ignore them unless I permit the witness to answer and the witness confirms those suggestions.

All of this comes down to a simple rule: testimony comes from the witnesses, not from the lawyers.

15. It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you

423351

judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be *what* a witness says, but *how* [he/she] says it that might give you a clue whether or not to accept his version of an event as believable. You may consider a witness's character, his appearance and demeanor on the witness stand, his frankness or lack of frankness in testifying, whether his testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity [he/she] had to observe the facts about which [he/she] testifies, the degree of intelligence [he/she] shows, whether his memory seems accurate.

You may also consider his motive for testifying, whether [he/she] displays any bias in testifying, and whether or not [he/she] has any interest in the outcome of the case.

16.   You are to use all of your common sense, experience, and good judgment in evaluating the evidence.

17.   The weight of the evidence on each side does not necessarily depend on the number of witnesses testifying for one side or the other. You are going to have to determine the credibility of each witness who has testified, and then reach a verdict based on all the believable evidence in the case. You may come to the conclusion that the testimony of a smaller number of witnesses concerning some fact is more believable than the testimony of a larger number of witnesses to the contrary.

18.   When you evaluate how reliable a witness's testimony is, you may take into account whether that witness made an earlier statement that differs in any significant way from his present testimony at trial. It is for you to say how significant any difference is. The earlier statement is *not* itself evidence of any fact that is mentioned in it.

To repeat, if a witness's earlier statement is not consistent with his present testimony, you may take that into account when you determine how much belief to give that witness's present testimony from the witness stand. The prior statement is relevant *only* as to the witness's credibility, and you may *not* take it as proof of any fact contained in it.

19.   You have heard evidence that [this/a] witness was previously convicted of a crime. You may consider that information, along with any other pertinent information, in deciding whether or not to believe [this/the] witness's present testimony and how much weight, if any, to give it.

20. It is for you to say how much weight you should give a prior conviction in determining the witness's credibility. You might want to consider whether past crimes involving dishonesty are more relevant than past crimes that did not involve dishonesty, but it is up to you to decide how relevant you think any particular past conviction is to the witness's present truthfulness.

21. In many cases there is an element of sympathy which surrounds the trial. People involved in the case may be deserving of sympathy, but not in a courtroom and not by a jury, because sympathy is grounded in emotion, and a jury must consider only facts.

22. The courtroom is not the place for sympathy. Even more important, your jury room is not the place for sympathy. When you decide this case, you must decide this case on the basis of the facts as you find them. You must disregard sympathy and emotion, and you must focus on facts and facts alone. You must consider the evidence in a calm, dispassionate, analytical manner.

## NEGLIGENCE

23. The burden of proof on the plaintiff in this case is to prove each and every element of his claim by a preponderance of all of the credible evidence. If the evidence does not support any one of the elements of the plaintiff's case, or if the evidence is missing as to any element of the plaintiff's case, then a verdict for the defendant must be entered.

    *Borrelli v. Top Value Enterprises,* 356 Mass. 110 (1969).

## NEGLIGENCE - DUTY & BREACH

24. The mere happening of an accident is not, in and of itself, evidence of negligence on the part of the defendant.

    *Milano v. Wasserman,* 255 Mass. 1, 4 (1926).

25. The mere fact that the plaintiff suffered injuries does not raise a presumption of negligence on the part of the defendant.

    *Klucken v. Levi,* 293 Mass. 545 (1936)

26. One who is in control of the premises has a duty to maintain the property "in a reasonably fit condition in view of all of the circumstances including the likelihood of injury to others".

    *Toubiana v. Priestly,* 402 Mass. 84, 88 (1988).

27. The standard of care in these circumstances is measured by the behavior of an ordinarily prudent person in a similar situation. *Id.*

423351

28. One who is in control of the premises owes a duty of reasonable care to all lawful visitors on the premises. One who is in control of the premises is not, however, the insurer of the safety of all persons who enter the premises.

    *Mounsey v. Ellard*, 363 Mass. 693 (1979).

29. The duty of reasonable care does not make one who is in control of the premises insurers of the property nor does it impose unreasonable maintenance burdens.

    *Aylward v. McCloskey,* 418 Mass. 77, 80 (1992).

30. In other words, the mere fact that a person injures himself on another person's property does not make the one who is in control of the property liable.

    *Collins v. Collins,* 301 Mass. 151, 152 (1938).

31. One who is in control of the premises is "not obligated to supply a place of maximum safety, but only one which would be safe to a person who exercises such minimum care as the circumstances reasonably indicate."

    *Toubiana v. Priestly, supra.*

32. Negligence may not be inferred from the fact that an injury occurs on the premises under the control of the defendant, nor from the fact that the injury was caused by something upon the premises under the control of the defendant, but only upon evidence that the defendant's negligence either created the dangerous condition or allowed the dangerous condition to remain after the defendant knew, or in the exercise of reasonable care, should have known of the condition.

    *Milano v. Wasserman,* 255 Mass. 1 (1976).

33. The law requires "[o]ne…to anticipate and provide against what usually happens and what is likely to happen, but one is not bound in like manner to guard against what is unusual and unlikely to happen, or what…is only remotely and slightly possible.

    *Falk v. Finkelman*, 268 Mass. 524, 527 (1929); *Lindberg v. Gilbert*, 349 Mass. 261 (1963).

34. Reasonable care does not require special precautions to be taken against that which is only remotely possible.

    *Geary v. H.P. Hood*, 336 Mass. 369 (1957).

35. In other words, the question to be decided is whether, in view of all of the circumstances, an ordinarily prudent person in the defendant's position would have taken steps not taken by the defendant, to prevent the accident that occurred.

423351

36. One who is in control of the premises has no obligation to protect lawful visitors on the property from risks that would be obvious to persons of obvious intelligence.

    *Toubiana v. Priestly,* 402 Mass. 89 (1988); *see also, Young v. Atlantic Richfield Co.,* 400 Mass. 837, 842 (1987), *cert. denied,* 44 U.S. 1066 (1988).

37. The plaintiff is not entitled to recover for any defect on the defendants' premises that you, the jury, find was an open and obvious defect to any ordinarily intelligent person. If you, in fact, find that the defect or dangerous condition on the defendants' premises was an open and obvious one, then there is no legal basis upon which to find the defendant negligent and you must return a verdict for the defendant.

    *Mudge v. Stop & Shop, Inc.,* 339 Mass. 763 (1959); *Fishn, Adm. v. Gilchrist Co.,* 336 Mass. 756 (1957); *O'Neill v. W. T. Grant Co.,* 335 Mass. 234 (1957).

38. The Plaintiff is obliged to use his faculties for his own protection and to guard himself from obvious hazards.

39. "One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."

    Restatement (Second) of Torts, § 414 (1965), as adopted by the Supreme Judicial Court in *Corsetti v. Stone Co.,* 396 Mass. 1 at 9-11.

    In order for you to find the defendants, Boland Builders, Inc. and/or Thomas Boland, liable under this theory, you must find that Thomas Boland and/or Boland Builders retained control over the work performed by the plaintiff and the safety procedures employed by the plaintiff.

    See *Chesci v. Boston Edison Co.,* 39 Mass. App. Ct. 133 (1995).

40. "In order for the rule states in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work his own way."

    *Foley v. Rust Int'l.,* 901 F.2d 183, 185 (1st Cir. 1990).

## NEGLIGENCE - CAUSATION

41. In making the allegations in this case, the plaintiff assumed the obligation to show that the negligence of the defendant caused his injury. This is:

423351

an affirmative burden and cannot be left to surmise, conjecture or imagination. There must be something amounting to proof, either by direct evidence or a rational inference of probability from established facts. While the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant, he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable. If on all the evidence it is just as reasonable to suppose that the cause is one for which no liability would attach to the defendant as one for which the defendant is liable, then the plaintiff has failed to make out his case.

*Bigwood v. Boston Northern Street Railway,* 209 Mass. 345, 348 (1911)

42. In other words, the plaintiff has failed to maintain the burden of proof if on the whole evidence the question of the defendant's negligence is left to conjecture, surmise or speculation.

*Bigwood v. Boston Northern Street Railway,* 209 Mass. 345, 348 (1911); *Corsetti v. Stone,* 396 Mass. 1 (1985).

43. The plaintiff is not entitled to recover if you find that the plaintiff, in a "spirit of apparent indifference", exposed himself to the chance of serious injury.

*Hennesey v. Taylor,* 189 Mass. 583 (1905); *Hurley v. West End Railway,* 180 Mass. 370, (1902).

44. If, on all of the evidence, it is just as reasonable to find that the injury to the plaintiff would have occurred without the negligence of the defendant, then the plaintiff has failed to prove his case.

*Howe v. City of Boston,* 311 Mass. 278 (1942).

45. If the act or occurrence of anther person intervenes so as to become a new and independent cause of damage, and if that new and independent cause was not foreseeable by the defendant under the circumstances, then the chain of causation is broken, and the act of the defendant is no longer the proximate cause of the plaintiff's injury. Under those circumstances, you must return a verdict for the defendant.

*Griffiths v. Campbell,* 425 Mass. 31, 34-36 (1997); *Carter v. Yardley & Co. Ltd.,* 319 Mass. 92, 99 (1946).

46. In order to recover on a claim for negligence, the plaintiff must prove, by a preponderance of the credible evidence, that his damages resulted from an act of negligence for which the defendant is legally responsible.

47. In order to meet the burden of proving that causal relationship existed between the defendants' breach of duty, if any, and the injury sustained by the plaintiff, the plaintiff must show by a preponderance of the credible evidence that there was a greater

423351

likelihood that his injury was due to the defendant's breach of duty than to some other cause.

*DiRoberto v. Lagasse,* 366 Mass. 309 (1957).

48. While the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant, he is required to show the evidence of a greater likelihood that it came from the act of negligence for which the defendant is responsible than a cause for which the defendant is not liable.

49. The plaintiff may not recover if you find that his negligence was greater than the alleged negligence of the defendant.

50. The plaintiff may not recover if you find that his negligence was greater than the alleged negligence of the defendant.

M.G.L. c. 231, § 85.

## **DAMAGES**

51. The fourth element the plaintiff must prove is damages. You will only reach the issue of damages if you find that the defendant was negligent and that the defendant's negligence caused injury to the plaintiff.

As with all the other elements, the plaintiff bears the burden of proving his damages by a fair preponderance of the evidence.

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.

The object is to try to restore the person to the position he would have been in had the wrong not occurred. The purpose is not to reward the plaintiff and not to punish the defendant. Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to him by the defendant.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.

There is no special formula under the law to assess the plaintiff's damage. It is your obligation to assess what is fair, adequate, and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will

423351

fairly and reasonably compensate the plaintiff for his injuries. You must be guided by your common sense and your conscience.

52. In determining the amount of damages which the plaintiff is entitled to recover, there are certain areas which you should take into consideration.

W. P. Keeton, *Prosser and Keeton on Torts* § 54, at 359-67 (5th ed. 1984); *Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908); *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990); *see also Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276 (5th Cir. 1975).

53. If you find that the plaintiff is entitled to a verdict, the plaintiff is only entitled to recover such damages as you find are the natural and probable results of the injury alleged in this case. The plaintiff is not to be compensated for losses, if any, that are so remote that you do not find that they naturally and probably flowed from the original injury.

*Hartnett v. Tripp,* 231 Mass. 382 (1918); *Whalen v. City of Boston,* 304 Mass. 126 (1939).

54. It is the plaintiff's burden of proof that pain and suffering he is alleged to have suffered was the result of the injuries he now complains of and not from some preexisting or subsequent unrelated injury.

55. If you find that negligence on the part of the defendant aggravated or accelerated a pre-existing condition of the plaintiff, then the defendant is liable in negligence only for the difference at any given time between what the plaintiff's condition would have been absent the accident and what the plaintiff's condition is or was or will be because of the accident.

*Higgins v. Delta Elevator Service Corp.,* 45 Mass. App. Ct. 643, 649 (1998).

56. If you find that the plaintiff is entitled to damages for future loss of earning capacity, such damages must be reduced to present value.

*Welch v. Keene Corp.,* 31 Mass. App. Ct. _____ (1991).

## WITNESSES

57. You the jury are the sole judges of the credibility of witnesses. In determining the credibility of a witness and in determining the weight to be given to his or her testimony, you should consider the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while testifying, the reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the opportunity or lack of opportunity of the witness to see or to know the facts concerning which he is testifying, the accuracy of the witness' recollection, and the degree of intelligence shown by the witness. You may also consider the witness' motive for testifying; and, of course, the interest or lack of interest the witness may have in the outcome of the case.

423351

*Commonwealth v Sabean,* 275 Mass. 456 (1931); *Commonwealth v. Medeiros,* 354 Mass. 193 (1968).

58. You, the jury, are not obligated to follow the opinion of the plaintiff's physician to determine whether the alleged accident resulted in the condition for which the plaintiff seeks compensation.

*Dodge v. Sawyer,* 288 Mass. 403 (1934).

**POTENTIAL INSTRUCTIONS DEPENDENT
UPON RULINGS RE: OSHA/BUILDING CODE**

59. The violation of a safety statute, assuming you find one, does not establish liability on the part of the defendants.

*Lindsey v. Massios,* 372 Mass. 79, 84 (1977); see also, *Perry v. Medeiros,* 369 Mass. 836, 841 (1976).

The violation of a statute or regulation is only some evidence of negligence.

See *Donald v. Ortho Pharmaceutical Corp.,* 394 Mass. 131, 139-140 (1985); *LaClair v. Silberline Mfg. Co.,* 379 Mass. 21, 28 (1979); *Perry v. Medeiros, supra,* at 841.

                                               THE DEFENDANTS
                                               BOLAND BUILDERS, INC. AND
                                               THOMAS M. BOLAND

By   */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  544402
npelletier@robinson-donovan.com

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 6th day of April, 2006.

                                               */s/ Nancy Frankel Pelletier*
                                              Nancy Frankel Pelletier, Esq.

423351