UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30172-KPN

| | |
|---|---|
| ROBERT DADE,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| BOLAND BUILDERS, INC.,<br>THOMAS M. BOLAND, STUART JONES<br>AND MARY ROSE JONES,<br>    Defendants | )<br>)<br>)<br>) |

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE REFERENCE TO OSHA VIOLATIONS AND/OR THE MASSACHUSETTS STATE BUILDING CODE AND/OR THE MASSACHUSETTS CONSTRUCTION CODE

NOW COME the defendants, Boland Builders, Inc. and Thomas M. Boland, and respectfully move this Court to preclude the admissibility of any reference to OSHA and/or the Massachusetts State Building Code and/or the Massachusetts "Construction Code" as referred to by the plaintiff in his Proposed Jury Instructions. As grounds therefor and in support thereof, the defendants state as follows.

The law is clear that one who seeks relief under a statute must prove that his claim falls within its terms. See *Sullivan v. Quinlivin,* 308 Mass. 339 (1941). It is equally clear that the plaintiff must introduce evidence laying a proper foundation as to the applicability of the proffered regulations to the facts of the case. See e.g., *Jamnias v. West Barnstable Builders, Inc.,* 61 Mass. App. Ct. 1117 (Unpublished, 2004 WL 1541805 Mass. App. Ct.)

Here, the plaintiff has failed to identify an expert witness to testify in the matter. The defendants submit that, absent such testimony, there will be an absence of a proper foundation as

423996

to the applicability of the regulation and/or building code to the facts as alleged by the plaintiff. See e.g., *Roberts v. Southwick,* 415 Mass. 465, 481 n.2 (1993).

Moreover, the plaintiff's repeated misrepresentations as to the status as between the plaintiff and the defendants, Thomas M. Boland and Boland Builders, Inc., renders even more questionable either the applicability of the standards proffered to the work site and/or the obligations of the plaintiff himself to comply with the same. The defendants have been deprived of the opportunity to address these issues in the course of discovery and, as such, the plaintiff should not be afforded the opportunity to proffer the purported safety standards into evidence in this case.

WHEREFORE, based upon the foregoing, the defendants respectfully request that the plaintiff be precluded from admitting into evidence and/or in any way referring to OSHA standards and/or the Massachusetts State Building Code and/or the Massachusetts "Construction Code" as referred to by the plaintiff herein.

THE DEFENDANTS
BOLAND BUILDERS, INC. AND
THOMAS M. BOLAND

By      */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402
npelletier@robinson-donovan.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 6th day of April, 2006.

*/s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq.

423996