UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30172-KPN

| | |
|---|---|
| ROBERT DADE, | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| BOLAND BUILDERS, INC., | ) |
| THOMAS M. BOLAND, STUART JONES | ) |
| AND MARY ROSE JONES, | ) |
|     Defendants | ) |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
EVIDENCE OF LOSS OF EARNING CAPACITY**

NOW COME the defendants, Boland Builders, Inc. and Thomas M. Boland, and respectfully move this Court to preclude the plaintiff from submitting any evidence regarding loss of earning capacity in the above trial of the above-captioned matter. As grounds therefor and in support thereof, the defendants state as follows.

1. **The Plaintiff's Repeated Misrepresentations Have Deprived The Defendants A Meaningful Opportunity To Conduct Discovery.**

As has been previously brought to the attention of this Court, the plaintiff has, since 2003, misrepresented his relationship both with the defendants, Thomas M. Boland and Boland Builders, Inc. (hereinafter "Boland defendants") and "Seamless Metals". By way of correspondence dated December 17, 2003, a copy of which is attached hereto and marked as Exhibit A, the plaintiff alleges as follows:

> Mr. Dade was hired by a contractor, Tom Boland, to install a metal roof on a home and garage located at 169 Worthington Street, Huntington, Massachusetts.

> The plaintiff, in his complaint, stated as follows:

423461

## INTRODUCTION

The plaintiff was a construction laborer.  He entered into a subcontract with a contractor, the defendant, Thomas M. Boland, and/or the defendant, Boland Builders, Inc., to install a metal roof at the home of the defendants, Stuart and Mary Rose Jones….

## STATEMENT OF FACTS

6.   On or about September 7, 2001, there was a contract for construction services in effect between the plaintiff, Robert Dade (Subcontractor), and the defendant, Thomas Boland, and/or the defendant, Boland Builders, Inc. (Contractor).

The plaintiff, in initial disclosures pursuant to Rule 26, was ordered to provide documents supporting its claims or defenses and, more importantly, documents relating to the computation of any category of damages.  The only documents produced are attached hereto and marked as Exhibit B.

In addition, the plaintiff answered interrogatories, again, relating to the relationship between he and the defendants and, further, regarding his alleged loss of earning capacity.  A copy of the plaintiff's original Answers to Interrogatories is attached hereto and marked as Exhibit C.  The Court is directed to Interrogatory Nos. 1, 5, 9 and 13.  Interrogatory No. 1 states and was answered as follows:

QUESTION
1.   State your full name, date of birth, residence, business and business address at the time of the accident as described in your Complaint.

ANSWER
    Robert Joseph Dade
    DOB:       July 12, 1967
    Residence:  44A Carlson Street
                     Bristol, CT

    **Business:**  **Seamless Metals**
                     **20 Walnut Street**
                     **Thomaston, CT**

(Emphasis supplied)

423461

In response to Interrogatory No. 5, the plaintiff stated, *inter alia*, "I was hired by a contractor, Thomas Boland, to install a metal roof on a home...." Additionally, and perhaps most importantly, the plaintiff was asked and responded to Interrogatory No. 13 as follows:

QUESTION
13. Please state whether at the time of our alleged injury you were performing work on the premises of the defendants Stuart Jones and Mary Rose Jones as an employee of or on behalf of the defendant Thomas M. Boland or Boland Builders, Inc.

ANSWER
   Yes, I was to install a metal roof. I was a subcontractor to Boland Builders.

Contrary to the representations made prior to and during the course of this litigation, at his deposition, for the first time, the plaintiff testified that, in fact, he was not engaged by Boland Builders and/or Thomas Boland but, rather was a "subcontractor" of Seamless Metal Roofing. Attached hereto and marked as Exhibit D are portions of the transcript of the plaintiff's deposition relating to the same.

Subsequent to the deposition, the plaintiff amended his Automatic Disclosure and Answers to Interrogatories. Copies of the Supplemental Automatic Disclosure and Supplemental Answers to Interrogatories are attached hereto and marked as Exhibits E and F, respectively. For the first time, the plaintiff, in Automatic Disclosure, includes the identity of his father and indicates that his father bid the subject job for "Seamless Metals" and, further, that his father hired him as a "subcontractor".

Additionally, in the Supplemental Answers to Interrogatories, again, the plaintiff substantially changes his position alleging that he was a subcontractor to "Seamless Metals" which had, in turn, been subcontracted by the defendant, Boland Builders.

From the inception of this litigation, the plaintiff has alleged that a contract existed between he and the defendant, Thomas Boland, and/or defendant, Boland Builders. See

423461

Plaintiff's Complaint, ¶ 6. It is now abundantly clear that no such contract existed and, in fact, the plaintiff has admitted that no one at Boland Builders, including the defendant, Thomas Boland, knew of his relationship with Seamless Metal Roofing. See Exhibit D, pp. 20-21.

In addition to the foregoing, the plaintiff was requested to produce documents by way of a Request for Production of Documents, a copy of which is attached hereto and marked as Exhibit G. The only documents submitted relating to the alleged loss of earning capacity claim were the two documents referred to in the Automatic Disclosure and, eventually, a single tax return from calendar year 2000, a copy of which is attached hereto and marked as Exhibit H. Thereafter, the defendants' counsel attempted on numerous occasions, in accordance with both the letter and spirit of the Federal and Local Rules to obtain additional documents relating to the alleged loss of earning capacity. This included requests for said documents in the course of the deposition of the plaintiff, as well as subsequent correspondence, a copy of which is attached hereto and marked as Exhibit I. See also, Exhibit D., p. 15. As of Friday, March 24, 2006, the plaintiff had still failed to produce the tax returns as requested. Such failure is confirmed by way of correspondence from plaintiff's counsel, a copy of which is attached hereto and marked as Exhibit J. Some of the tax returns were finally produced on March 29, 2006. It is noteworthy that the plaintiff failed to identify the tax returns in his Automatic Disclosure. The information contained in the tax returns directly contradicts the testimony to date.

More compelling is the plaintiff's testimony, at deposition, that he had no documents whatsoever to support his loss of earning capacity claim. See Exhibit D, pp. 30-31. He further testified that he had no documentation to show that Mr. Moffit was hired for a single job that he was required to forego as a result of his alleged injury. *Id.*

Additionally, at deposition, the plaintiff initially testified that he was paid "150 per square." Exhibit D, p. 23. Upon further questioning, however, the plaintiff testified that in fact,

423461

he and another subcontractor actually split the 150 per square. He then further testified that he had "employees" whom he paid under the table $12 an hour. These employees were paid "off the top." See Exhibit D, pp. 24-29. It is, thus, impossible to tell from the minimal documentation presented to date whether the plaintiff's loss of earning capacity claim is supportable. The defendants have been deprived of the ability to effectively cross-examine the plaintiff based upon his consistent misrepresentations in this case.

In response to the defendants' Amended Motion to Reopen Discover and Stay Trial, this Court ordered that certain depositions be taken so as to attempt to clarify the issue of the relationship by and between Seamless Metals and the plaintiff herein. In accordance with this Court's order, the deposition of the plaintiff's father, Robert E. Dade, was taken on March 20, 2006. Mr. Dade could provide little to no substantive information regarding the documents produced. He produced additional documents which related to calendar years 2002 through 2005, a time period during which the plaintiff claims not to have been working for Seamless or any variation thereof. Mr. Dade could not provide any substantive information regarding the status of Seamless Metals as an entity either presently or at or about the time of the plaintiff's fall. See Deposition Testimony of Robert E. Dade, a copy of which is attached hereto and marked as Exhibit K, pp. 6-14. Moreover, the senior Mr. Dade testified that there had been a "computer crash" which prevented him from obtaining the documents which had been previously produced allegedly supporting the plaintiff's loss of earning capacity claim. Mr. Dade also produced check stubs, but the checks which coincide with the computer printouts produced in the course of this litigation are conspicuously absent.[1] See Exhibit K, pp. 56-63.

---

[1] The plaintiff testified at his deposition that he had given predecessor counsel copies of checks and/or other documents reflecting earnings after he returned to work. Despite a request, no such documents have been produced to date. See Exhibit D, pp. 61-62.

423461

Case 3:04-cv-30172-KPN     Document 35     Filed 04/06/2006     Page 6 of 8

Page 6 of 8

Additionally, the plaintiff represented in the discovery in this case that he was required to "hire an employee" as a result of the injuries he sustained. In fact, however, he testified at deposition that he engaged no such employee and that the individual identified in the documents produced in connection with Seamless Metals was actually another subcontractor with whom he worked on the job in question. Exhibit D, pp. 29-30. Mr. Boland, the plaintiff's father, testified that the individual, Mike Moffit, was hired instead of his son on the jobs reflected in the documents produced. The documents produced are clearly contrary, reflecting payments to the plaintiff for the very jobs for which Mr. Moffit was allegedly hired to replace Mr. Boland, and Mr. Dade could offer no explanation in connection therewith. See Exhibit K, pp. 53-66; 81-91. Moreover, Mr. Dade testified that Mr. Moffit was hired as a substitute for his son, but his son's own testimony reflected that he <u>and</u> Mr. Moffit both worked on the job which forms the subject matter of this case. The defendants have been deprived of the opportunity to question Mr. Moffit and/or further question others with regard to the misrepresentations as to his status as an "employee" of the plaintiff, the engaging of which allegedly reduced the plaintiff's earning capacity.

The plaintiff's blatant misrepresentations combined with his failure to timely produce documents likely to impeach the claims in this case warrant an order from this Court precluding evidence on loss of earning capacity. To hold otherwise would severely prejudice the defendants in their ability to properly limit potential damages, if any.

Such a sanction is clearly well within the spirit and letter of the 1993 Amendments to the Federal Rules adding Rule 37(c)(1) which provides as follows:

> (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
>
> > (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so

423461

>   disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

The mandatory nature of Rule 37(c)(1) requires such a sanction be imposed by this Court. See *Klonoski v. Mahlab,* 156 F.3d 255, 268-269 (1st Cir. 1998).

**2.    The Plaintiff Has Failed To Produce Documents To Support The Alleged Loss Of Earnings Claim.**

While the plaintiff failed to comply with Rule 26 and did not provide a demand or documents other than those referred to hereinabove relating to his alleged loss of earning capacity, it cannot go unnoticed that the Joint Pre-Trial Memorandum initially proposed by the plaintiff includes a claim for past lost income of $100,000 and future lost earning capacity of $1,200,000. See Plaintiff's Proposed Joint Pre-Trial Memorandum, a copy of which is attached hereto and marked as Exhibit L. The sole support the plaintiff purports to offer in support of this outrageous claim are the "Seamless Metal Roofing Final Report (job report - 2 pages) and Seamless Metal Roofing Contract and Pay Records" as well as Robert Dade's tax returns which, were not produced until March 29, 2006, have yet to be produced.

**3.    The Plaintiff Has Failed To Identify An Expert Witness And, As Such, Cannot Proffer Evidence As To Loss Of Future Earnings.**

Assuming that the plaintiff is allowed to proffer testimony regarding loss of future earning capacity, the defendants submit that the same should be precluded for yet another reason. The plaintiff has failed to identify an expert witness and it is clear that any future loss of earnings must be reduced to present value so as to allow for the earning power of the monies. See *Welch v. Keene Corp.,* 31 Mass. App. Ct. 157, 167 (1991). The defendant has proffered no expert

423461

witness capable of calculating the present value of the alleged loss and, as such, evidence relating thereto should be excluded

## CONCLUSION

WHEREFORE, the defendants respectfully request that the plaintiff be precluded from proffering evidence regarding loss of earning capacity and that the defendants be awarded attorney's fees for the preparation of this and its other motion *in limine* also necessitated by the plaintiff's misrepresentations.

> THE DEFENDANTS
> BOLAND BUILDERS, INC. AND
> THOMAS M. BOLAND
>
> By  */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301  Fax (413) 785-4658
> BBO No.: 544402
> npelletier@robinson-donovan.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 6th day of April, 2006.

>  */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq.

423461