**EXHIBIT**

_C_

Post-it® Fax Note   7671   Date 3/8   # of pages ▶ 7
To Sue @ Macy   From Jane
Co./Dept. Pelletier   Co
Phone #   Phone #
Fax #   Fax #

UNITED STATES
DISTRICT OF M

ROBERT DADE,                          )
            Plaintiff,                )
                                      )
        v.                            )     CIVIL ACTION NO. 04-30172-MAP
                                      )
BOLAND BUILDERS, INC.,                )
THOMAS M. BOLAND,                     )
STUART JONES,                         )
MARY ROSE JONES,                      )
            Defendants                )

### PLAINTIFF ROBERT DADE'S RESPONSE TO DEFENDANT STUART JONES' FIRST SET OF INTERROGATORIES

1.    State your full name, date of birth, residence, business and
      business address at the time of the accident as described
      in your Complaint.

Ans.  Robert Joseph Dade
      DOB:            July 12, 1967
      Residence:      44A Carlson Street
                      Bristol, CT.

      Business:       Seamless Metals
                      20 Walnut Street
                      Thomaston, CT

2.    Please state the date and time and exact location of your
      accident.

Ans.  September 7, 2001 at 2:00 p.m.
      169 Worthington Road, Huntington, MA

3.    Describe in complete detail how your alleged accident
      occurred, stating what you saw and did in the order in
      which the events took place.

Ans.  I went up the ladder to get a count on the footage of rake and
      drip edge needed for the job.  As I started walking across the
      roof, I fell through and broke my foot.

4.    If your alleged accident occurred on the premises of the
      defendant:

      (a)   Please describe in detail the exact location on
            said premises where your accident took place;

Ans.  On the roof of the addition.

(b)  Please state why you were on said premises at the
     time of your alleged accident;

Ans.  I was installing the metal roof.

(c)  Please state how long in hours, minutes and seconds
     you had been on said premises prior to your
     accident.

Ans.  Nine hours.

5.   If you claim your accident was due to a defect in the
     defendant's premises, please describe in full detail said
     defect, and state:

(a)  How long in months, days, hours, minutes or seconds
     had said defect existed prior to your accident;

Ans.  I do not know.

(b)  How many times had you been upon the defendant's
     premises in the year previous to the date of your
     accident; and

Ans.  I had been on the premises the day before the accident and
      then on the day of the accident.

(c)  Whether you observed said defect prior to your
     alleged accident.

Ans.  I did not observe said defect prior the my accident.

     I was hired by a contractor, Thomas Boland, to install a metal
roof on a home and garage located at 169 Worthington Road,
Huntington, MA.  On September 7, 2001, Mr. Boland took me up onto
the already-existing plywood roof, which was covered with tar
paper.  Mr. Boland explained to me the work he wanted done and
indicated with some vague gestures where skylights would be
installed.  At no time did Mr. Boland or the Stuarts inform me that
the openings for the skylights had already been cut into the roof.
There were no warning signs posted regarding the fact that the
holes existed under the layer of tar paper, nor were the areas
which contained the holes cordoned off.  Thus, the skylight holes
were invisible to me and I received no warning about them from any
of the defendants.

6.   Please describe in detail the terms and conditions of any
     contract for hire between you and any defendant including
     but not limited to:

(a)  The nature of the work to be performed;

Ans.  To cover the main house and garage with standing seam roofing.

(b)   The method and amount of payment for the work to be
      performed;

Ans. $150.00 per square (10' x 10').

(c)   The parties to the contract for hire;

Ans. Tom Boland and Seamless Metals.

(d)   Whether the contract for hire was written or oral.

Ans. Written.

7.   If there were any persons with or near you at the time of
     your accident, please state their names and addresses,
     and their relationship to the defendant.

Ans. Mike Moffit, Bristol, CT
     Mike Voli, Birch Street, Bristol, CT
     Keith Bryant

     The men worked with me through Seamless Metals and, to my
knowledge, had no other relationship with the defendants.

8.   If you claim notice of your accident and injury was given
     to anyone by you or in your behalf, please state:

     (a)   The date said notice was given;
     (b)   To whom it was given; and
     (c)   Whether the notice was oral or written.

Ans. Not applicable.

9.   If you claim personal injury as a result of your
     accident, please give:

     (a)   A complete description of the injuries you
           received, indicating any that you claim are
           permanent;

Ans. I broke three bones in my foot which will never be the same,
     dislocated a toe, received numerous scratches and abrasions.
     I have been informed that I have a 10% permanent partial
     disability of my right ankle and that this disability could
     increase to 30% if arthritis develops.  Please also refer to
     my medical records which are being produced.

     (b)   The names and addresses of all doctors who treated
           you;

Ans. Brian Sutton, M.D.
     Noble Hospital
     115 W. Silver Street
     P.O. Box 1634

Westfield, MA 01086-1634

Richard M. Kane, M.D.
72 Mill Street
Westfield, MA 01085

Michael Aronow, M.D.
University Physicians
Ten Talcott Notch Road
Farmington, CT 06034

(c)    A complete description of the treatment you received;

Ans. Dr. Kane put two pins through my bones to set them so they would heal properly. He removed the pins when the bones were set and gave me a flat walking shoe to keep my foot straight while my foot continued to heal.

Dr. Aronow treated me for the pain I continued to experience. Six months ago, Dr. Aronow gave me a cortisone injection which lasted for two months. The next injection lasted for only thirty days. A recent MRI revealed that I have scar tissue at the site of my injury and Dr. Aronow has informed me that he will probably have to perform surgery to remove the scar tissue.

(d)    The dates on which you received treatment;

Ans. Dr. Sutton (9/7/01); Dr. Kane 9/7/01-7/22/02); Dr. Aronow (4/13/04-11/7/04).

(e)    The dates between which you were confined to your home;

(f)    The dates between which you were absent from your work or from school;

(g)    The wages, salary, or business profits you were receiving at the time of your accident; and

Ans. I was out of work for 2-1/2 months. For five of those weeks, I was in a half cast and walking with crutches.

Ans. Piecework at $50.00 a square (10' x 10').

(h)    the name and address of your employer or the name and address of the school you were attending at the time of your alleged accident.

Ans. Seamless Metals
20 Walnut Street, Thomaston, CT

10.    Give an itemized statement to date of all monetary loss sustained by you, or in your behalf, as a result of the alleged accident.

Ans. At the time of my accident, I was self-employed as a roofing subcontractor. I was anticipating making good money, i.e. approximately $83,000 for that particular year of work. The busy season in the roofing business is generally September to November. Because the accident occurred in early September, I was effectively prevented from working the season. Prior to the accident, I worked approximately 8 or 9 hours per day for six or seven days a week. After a period of limited recovery and when I returned to work, I could only work approximately 6 hours a day for five days a week. The pain in my foot bothered me from being up on a pitched roof for long periods of time. I believe that, had I not been injured, I would have had income in the amount of approximately $80,000 per year. Instead, I have made approximately half that amount each year, Therefore, with thirty years remaining in my working life, I have estimated that my losses are $40,000 per year for thirty years ($40,000 x 30= $1,200,000.00).

My medical expenses have included:
Huntington Lions Club Ambulance:    $   350.15
Noble Hospital:                      $8,427.36
Dr. Richard M. Kane:                 $2,885.00
Dr. Michael Aronow:                  $   250.00
Westfield Emergency Physicians:      $   271.00
ASI of Westfield:                    $   704.00
Westfield Radiology Assoc.:          $   120.00
Prescriptions:                       $   229.21
Estimated costs for future medical treatment: unknown
The Plaintiff reserves the right to further supplement this answer.

11.  Describe fully and in complete detail any illnesses, injuries, diseases, defects or operations which you may have had or suffered from within five years prior to the date of your alleged accident, or at any time after the date of your alleged accident.

Ans. I have not had any such afflictions except, since the accident, I have had gout.

12.  State the name, home address, and business address of every person whom you or your attorney intend to call as an expert witness at the trial of this action, and with respect to each such expert, please state:

     (a)   The subject matter on which he is expected to testify;
     (b)   The substance of the facts and opinions to which he is expected to testify; and
     (c)   A summary of the grounds for each such opinion.

Ans. The Plaintiff has not yet identified an expert, but will supplement this answer if and when such expert is identified in conformity with the applicable rules of procedure.

13. Please state whether at the time of your alleged injury you were performing work on the premises of the defendants Stuart Jones and Mary Rose Jones as an employee of or on behalf of defendant Thomas M. Boland or Boland Builders, Inc.

Ans. Yes, I was to install a metal roof. I was a subcontractor to Boland Builders.

14. Please state all facts upon which you rely to establish the allegations in paragraphs 28 and 32 of the Complaint that defendants Stuart Jones and Mary Rose Jones concealed the holes for view.

Ans. They knew or should have known that the holes already had been cut and that they were concealed. They knew I would be on top of the roof and that I had no reason to know of the holes. Yet, they did not warn me of the holes and there were no other warnings of the existence and/or location of the holes.

15. Please state all facts upon which you rely to establish the allegations in paragraphs 28 and 32 that defendants Stuart Jones and Mary Rose Jones breached their duty to plaintiff by failing to warn plaintiff of the existence of the hole.

Ans. See Anser to No. 14, supra.

16. Please state whether you have applied for or received any workers' compensation benefits for your alleged injuries, and if so, state:

   (a) The name and address of the workers' compensation insurer paying your benefits.

   (b) The file or claim number of your workers' compensation claim.

Ans. N/A

17. Please state whether prior to September 7, 2001, you had any conversation with defendants Stuart Jones or Mary Rose Jones regarding the work to be done, and if so, please state:

   (a) the substance of each such conversation;
   (b) the date and time of each such conversation;
   (c) the location of each such conversation.

Ans. I do not recall any conversation with Stuart Jones or Mary Rose Jones regarding the work to be done.

Sworn under the pains and penalties of perjury this $\ell$ day of January, 2005.

Robert Dade

## CERTIFICATE OF SERVICE

I, Mary H. Patryn, Esq., do hereby certify that on January ___, 2005 I have caused a copy of the foregoing document to be served on the parties to the action by mailing on the above date, a copy, postage prepaid to: Daniel H. Rider, Esq. 1500 Main Street, Suite 922, P.O. Box 15369, Springfield, MA 01115-5369; and Nancy Frankel Pelletier, Esq., Robinson Donovan P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115.

Mary H. Patryn, Esq.