

EXHIBIT
G

Case 3:04-cv-30172-KPN    Document 35-8    Filed 04/06/2006    Page 1 of 5

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DADE,<br>        Plaintiff<br><br>        v.<br><br>BOLAND BUILDERS, INC.,<br>THOMAS M. BOLAND,<br>STUART JONES,<br>MARY ROSE JONES,<br>        Defendants | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 04-30172-MAP<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF ROBERT DADE'S RESPONSE TO PRODUCTION OF DOCUMENT REQUEST

Now comes the Plaintiff Robert Dade and produces the following documents pursuant to the Defendants Stuart Jones and Mary Rose Jones' request:

1. All hospital records pertaining to the professional care and treatment of the plaintiff, Robert Dade for the injuries sustained by the plaintiff in the accident alleged in the Complaint including, but not limited to, admission records, emergency room records, history medical examinations, consultation records, laboratory records, radiology reports, medication records, doctors' orders, doctors' and nurses' notes, discharge summaries, progress notes and reports of operations.

Ans.: See Exhibit A.

2. All hospital bills incurred by or on behalf of said plaintiff as a result of such injuries.

Ans.: See Exhibit B.

3. All reports of each physician, dentist, therapist or other professional who rendered treatment as a result of the plaintiff's injuries.

Ans.: See Exhibit C and other documents submitted in response to these requests.

4. All medical bills incurred as a result of the treatment of said plaintiff's injuries.

Ans.: See other documents submitted in response to these requests. The Plaintiff will supplement this response.

5. All employment records showing, but not limited to the dates when said plaintiff was absent from work as a result of the injuries sustained in the Complaint, plaintiff's average weekly wages at the time of the accident and the date when plaintiff returned to work following said accident.

Ans.: See Exhibit E. This response is subject to further supplementation.

6. All statements, written or recorded, signed or unsigned, made by the plaintiff, or on the plaintiff's behalf, to any person, agency or entity regarding any aspect of this accident.

Ans.: Except for documents already submitted, there are none to the Plaintiff's knowledge.

7. All statements, written or recorded, signed or unsigned, made by any witnesses to the alleged accident, to any person, agency or entity regarding any aspect of this accident.

Ans.: The Plaintiff does not know of any.

8. All statements, whether written or recorded, signed or unsigned, made by the defendant and in the possession of or otherwise available to the plaintiff.

Ans.: The Plaintiff does not know of any.

9. Copies of all photographs of the scene of the accident, or any damage to any vehicles involved or any other possessions involved in the accident.

Ans.: The Plaintiff will supplement this response.

10. Copies of all reports of experts pertaining to the subject matter of the Complaint.

Ans.: The Plaintiff has no such documents at this time.

11. Copies of all photographs depicting the injuries sustained by the said plaintiff as a result of the accident alleged in the Complaint.

Ans.: The Plaintiff has no such documents.

12. Copies of the plaintiff's Federal Income Tax Returns for the years 1999, 2000, 2001, 2002 and 2003.

Ans.: The Plaintiff will supplement this response.

13. Copies of all correspondence received by the plaintiff and plaintiff's attorney from the defendants or the defendants' insurer relative to the subject matter of this action prior to

        the institution thereof.

Ans.:   Objection on the grounds that this request is overly broad and unduly burdensome since the Defendants are already in possession of such documents.

14.   Copies of all reports of physicians, dentists, therapists or other practitioners pertaining to the treatment of the plaintiff for any accidents, illnesses or diseases sustained or suffered by the plaintiff within a five-year period preceding or at any time subsequent to the accident described in the Complaint.

Ans.:   Objection on the grounds that this request is overly broad and unduly burdensome, does not state with reasonable specificity the documents sought, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

15.   Copies of all hospital records pertaining to the hospitalization of the said plaintiff, both as an in-patient and out-patient for any accidents, illnesses or diseases sustained or suffered by the said plaintiff within a five-year period preceding or at any time subsequent to the accident described in the Complaint.

Ans.:   Objection on the grounds that this request is overly broad and unduly burdensome, does not state with reasonable specificity the documents sought and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and specifically reserving the same, the Plaintiff states that he has not been hospitalized in such time periods other than for the injury he suffered as alleged in the Complaint.

16.   Copies of plaintiff's reports to police or any local, state or federal agency, and copies of all police reports which are in possession of plaintiff, or of plaintiff's counsel and which relate to this accident.

Ans.:   The Plaintiff has none.

17.   Copies of all documents relating to any conferences or hearings carried on in connection with any claims for workers' compensation benefits the plaintiff has maintained because of the injuries alleged in his Complaint.

Ans.:   Not applicable.

18.   Copies of any and all documents which evidence plaintiff's claim for lost wages, or lost earning capacity, if any.

Ans.:   Other than those already produced in response to these requests, the Plaintiff has none but will supplement this response if additional documents come to his attention.

19. Copies of any written contracts for hire between plaintiff Robert Dade and any named defendant.

Ans.: The Plaintiff will supplement this response.

As to objections                                The Plaintiff:

_/s/ Mary H. Patryn_                     By  _/s/ Mary H. Patryn_
Mary H. Patryn, Esq.                         Mary H. Patryn, Esq.
                                             BBO# 633114
                                             73 Chestnut Street
                                             Springfield, MA 01103
                                             (413) 737-5000
                                             (413) 731-1302 Fax

### CERTIFICATE OF SERVICE

I, Mary H. Patryn, Esq. do hereby certify that on January 11, 2005 I have caused a copy of the foregoing document to be served on the parties to the action by mailing a copy postage prepaid to: Daniel H. Rider, Esq., 1500 Main Street, Suite 922, P.O. 15369, Springfield, MA 01115-5369; and Nancy Frankel Pelletier, Esq., Robinson, Donovan, P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115.

_/s/ Mary H. Patryn_
Mary H. Patryn, Esq.