EXHIBIT L

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30172-MAP

| | |
|---|---|
| ROBERT DADE,<br>  Plaintiff | )<br>)<br>) |
| v. | )   JOINT PRETRIAL MEMORANDUM |
| BOLAND BUILDERS, INC., THOMAS<br>M. BOLAND, STUART JONES AND<br>MARY ROSE JONES,<br>  Defendants | )<br>)<br>)<br>)<br>) |

1. **Evidence**

    (a) **Plaintiff:** Robert Dade, Plaintiff, a roofer and a resident of Bristol, Connecticut, was on the property of Defendants Stewart and Mary Rose Jones to install a metal roof on their home at 169 Worthington Road, Huntington, Massachusetts. The Joneses were having their home renovated by Defendants Thomas Boland and Boland Builders, Inc., Southwick, Massachusetts. The Joneses specifically requested of Boland that he use the installer of a particular metal roof they had seen in Connecticut: Robert Dade. In addition to the work they hired Boland to perform, the Joneses installed a new septic system.

    In September 2001, Boland installed the plywood subroof and, in accordance with the Joneses' instructions, cut three skylights over the kitchen. He covered the skylights with tarpaper, but did not further cover, protect, barricade or warn of the holes. The tarpapered holes were left in that condition for several days to a week. Both Stewart and Mary Rose Jones were aware that the holes had been cut and covered with tarpaper, but not otherwise covered or barricaded. On September 7, 2001, Robert Dade went onto the roof with Boland and was shown generally the roof layout. Later that day Dade returned onto the roof with a co-

worker, Michael Moffitt, to measure the drip edge. He stepped onto the tarpaper-covered skylight hole, fell through and was seriously injured.

Robert Dade suffered a fractured ankle/foot, requiring surgery, substantial lost work and a permanent partial disability and permanent loss of earning capacity. Dade has had to change professions, earning substantially less than before his injury ($40,000 per year less). His special damages are:

| | |
|---|---|
| Medical Expenses | $   19,982.82 |
| Past Lost Income | $  100,000.00 |
| Future Lost Earning Capacity | $1,200,000.00 |

**(b)** **Defendants**

**2.** **Established Facts**

All facts set forth in Paragraph 1, above are established by the pleading, stipulations and/or admissions except for the length of time that the skylight holes existed covered only by tarpaper prior to Dade's fall, and the extent and duration of Dade's injury and lost earning capacity.

**3.** **Contested Issues of Fact**

    (a)    The length of time the skylight holes exited before Dade's fall, covered only by tarpaper.

    (b)    Whether or not Dade had actual or constructive knowledge of the skylight holes

    (c)    The nature, extent and permanency of Plaintiff's injuries.

    (d)    The extent, if any, of Plaintiff's lost earning capacity.

**4.** **Jurisdictional Questions**

None. This is an action in diversity of citizenship, and Plaintiff's citizenship is diverse from all Defendants. There is a good faith expectation (if liability is found) of a judgment in excess of $75,000.00.

**5.** **Questions Raised by Pending Motions**

None.

## 6. Issues of Law

This is an action in negligence pursuant to the duty of contractors and the duty of landowners under Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43 (1973); Poirier v. Town of Plymouth, 374 Mass. 206, 372 N.E.3d 212 (1987), et al. OSHA, 42 CFR 1926; Mass. Construction Code 454 CMR; Massachusetts Building Code, 780 CMR; Perry v. Medeiros, 369 Mass. 836, 343 N.E.2d 859 (1976).

Whether the Joneses had a duty of care to Plaintiff for hazards created by Boland is controlled by Corsetti v. Stone, 396 Mass. 1, 483 N.E.2d 793 (1985); Santella v. Whynott, 27 Mass. App.Ct. 451, 538 N.E.2d 1009 (1989); Whalen v. Shivek, 326 Mass. 142, 93 N.E.2d 393 (1950); Bradshaw v. ITT Sheraton Corp., 19 Mass. L. Rptr. 561 (2005), Keen, J.

## 7. Amendments to Pleadings

None.

## 8. Additional Matters

None.

## 9. Trial Length

Two (2) to three (3) full days.

## 10. Witnesses

a. Robert Dade, 43 Irving Street, Bristol, CT
b. Michael Moffitt, 177 Mountain View Avenue, Bristol, CT.
c. Keith Bryant, 317 Plymouth Boulevard, Plymouth CT
d. Michael Volonino, 121 Birch Street, Bristol CT
e. Robert E. Dade, 51 Laurel Drive, Thomaston CT
f. Richard Kane, M.D., Noble Hospital, 115 W. Silver Street, Westfield MA
g. Michael S. Aranow, M.D., 10 Talcott Notch Road, Farmington CT

## 11. Proposed Exhibits

- a. Medical Records:
    - (1) Dr. Kane
    - (2) Dr. Aranow
    - (3) Noble Hospital
- b. Medical Bills:
    - (1) Dr. Kane
    - (2) Dr. Aranow
    - (3) Noble Hospital
    - (4) Westfield Radiology
    - (5) Salisbury Associates
    - (6) ASI of Westfield
    - (7) Huntington Lions Club Ambulance
    - (8) Westfield Emergency Physicians
    - (9) Pharmacy Bills
- c. Witness Statement: Thomas Boland
- d. Witness Statement: Stewart Jones
- e. Witness Statement: Mary Rose Jones
- f. Seamless Metal Roofing Final Report (Job Report: 2 pages)
- g. Seamless Metal Roofing Contract and Pay Records
- h. Robert Dade's Tax Returns
- i. Site Photos
- j. Life Expectancy Tables

**12.    Objections to F.R.Civ.P. Rule 26(a)(3) Disclosures**

None by Plaintiff.

THE PLAINTIFF ROBERT DADE

By:_____
  John A. Cvejanovich, BBO #549285
  O'CONNELL, FLAHERTY & ATTMORE
  1350 Main Street
  Springfield, MA 01103
  (413) 747-1773 (phone)
  (413) 746-1529 (fax)


THE DEFENDANTS BOLAND BUILDERS, INC.
AND THOMAS BOLAND

By:_____
  Nancy Frankel Pelletier, BBO #_____
  ROBINSON, DONOVAN, P.C.
  1500 Main Street
  Springfield MA 01115
  (413) 732-4602 (phone)
  (413) 785-4658 (fax)


THE DEFENDANTS
STEWART JONES AND MARY ROSE JONES

By:_____
  Daniel H. Rider Jr., BBO #_____
  LAW OFFICE OF JOHN N. WHITE
  1500 Main Street
  Springfield MA 01115
  (413) 788-0200 (phone)
  (413) 788-7526 (fax)


Dated:_____