*UNITED STATES DISTRICT COURT*
*FOR THE*
*DISTRICT OF MASSACHUSETTS*

FILED
IN CLERK'S OFFICE

2006 APR 10 P 3: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

*CIVIL ACTION NO.: 04-30172-MAP*

| | |
|---|---|
| **ROBERT DADE,** )<br>  **Plaintiff** )<br>)<br>)<br>*v.* )<br>)<br>**BOLAND BUILDERS, INC., THOMAS** )<br>**M. BOLAND, STUART JONES AND** )<br>**MARY ROSE JONES,** )<br>  **Defendants** )<br>                    ) | *PLAINTIFF'S OPPOSITION TO*<br>*DEFENDANTS' MOTION IN LIMINE*<br>*TO PRECLUDE REFERENCE TO OSHA*<br>*VIOLATIONS AND/OR THE MASSACHU-*<br>*SETTS CONSTRUCTION CODE* |

      NOW COMES the Plaintiff, Robert Dade, to oppose Defendants Thomas Boland and Boland Builders, Inc.'s (Boland's) motion in limine to preclude the admissibility of provisions of OSHA, the Massachusetts Building Code and the Massachusetts Construction Code. As grounds for his Opposition, Robert Dade states as follows:

      It has been long established, and uniformly applied, that "The general rule in Massachusetts is that violation of a safety statute or ordinance does not in itself give rise to a cause of action but is evidence of negligence." Dolan v. Suffolk Franklin Sav. Bank, 355 Mass. 655, 667, 246 N.E.2d 798 (1969); Perry v. Medeiros, 369 Mass. 836, 841, 343 N.E.2d 859, 862 (1975). "It is also the general rule that while the violation of a safety statue, ordinance or regulation is not conclusive on the issue of civil liability, it 'is evidence of negligence on the part of a violator as to all consequences that the statute, ordinance or regulation was intended to prevent," Follansbee v. Ohse, 293 Mass. 48, 57, 199 N.E.2d 387 (1935); Perry v. Medeiros, above at 841, 862. It is beyond any argument that codes, regulations and ordinances are admissible to show negligence by the violation thereof.

      Defendants' reliance on Jagminas v. West Barnstable Builders, Inc, 61 Mass.App. Ct. 1117, 811 N.E.2d 524 (2004) and Roberts v. Southwick, 415 Mass. 465, 614 N.E.2d 659 (1993) is misplaced. First, as an unpublished opinion, Jagminas has no precedental value, and in fact, it is a violation of Mass. Rules of Appellate Practice Rule 1:28 to assert such a case as

1

authoritative. Moreover, the ordinance was not excluded because there was no expert witness, but rather because "Plaintiff made no showing that any provision of the building code was applicable to the facts of [the] case or that defendant in any way violated any specific provision of the . . . code." The court <u>did</u> allow introduction of the Construction Code 454 CMR § 10.11(5)(d), and ruled only that the "judge did not abuse his discretion" in the rulings.

In <u>Roberts</u>, admission of the OSHA regulations was again a matter for the court's discretion. They were excluded because plaintiff could not demonstrate that they applied to the alleged negligence (improper stacking of sheetrock).

Defendants can show <u>no case</u> which rules that an expert is required to establish the applicability of the code provisions for the facts alleged. There is no general requirement.

The OSHA Code, 29 CFR § 1926, the Massachusetts Construction Code, 454 CMR 110 and the Massachusetts Building Code, 780 CMR all have application throughout the state.

The applicability of the regulations to this case is obvious beyond any non-frivolous argument. Robert Dade was injured when he fell through an uncovered skylight hole in the roof. That hole had been cut by Thomas Boland and left uncovered, for as long as a week. The OSHA and Massachusetts Construction Codes require that all roof holes, including <u>specifically</u> skylight holes, be covered to prevent falls through them. The applicability is so obvious that expert testimony would be subject to the objection that that evidence is within the common understanding of the jury, which indeed it is, because the regulations, by their very terms, apply to these precise events.

As to Defendants' second argument: the status between Robert Dade and Boland, is similarly misplaced. It is not some general responsibility for the negligent act of a third person that is involved here. It is Thomas Boland's own negligent act in cutting open, and leaving unprotected, the skylight roof holes on the roof where Robert Dade would be working. This argument is meritless.

For the foregoing reasons, Defendants' motion should be denied.


THE PLAINTIFF ROBERT DADE

By: _____
    John A. Cvejanovich, BBO #549285
    O'CONNELL, FLAHERTY & ATTMORE, LLC
    1350 Main Street
    Springfield, MA 01103
    (413) 747-1773 (phone)
    (413) 746-1529 (fax)


## CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that on 4/10/06 I served the within document, within the time standards provided therefor, on the parties to this action by ~~mailing a copy, postage prepaid~~, *hand delivery*, to all counsel of record.

_____
John A. Cvejanovich