*UNITED STATES DISTRICT COURT* FILED
*FOR THE* IN CLERK'S OFFICE
*DISTRICT OF MASSACHUSETTS*
2006 APR 10 P 3: 15

*CIVIL ACTION NO.: 04-30172-MAP*
DISTRICT OF MASS.

| | |
|---|---|
| *ROBERT DADE,* )<br>*Plaintiff* )<br>)<br>*v.* )<br>)<br>*BOLAND BUILDERS, INC., THOMAS* )<br>*M. BOLAND, STUART JONES AND* )<br>*MARY ROSE JONES,* )<br>*Defendants* )<br>) | *JOINT PRETRIAL MEMORANDUM* |

## 1.  Evidence

**(a) Plaintiff:** Robert Dade, Plaintiff, a roofer and a resident of Bristol, Connecticut, was on the property of Defendants Stewart and Mary Rose Jones to install a metal roof on their home at 169 Worthington Road, Huntington, Massachusetts. The Joneses were having their home renovated by Defendants Thomas Boland and Boland Builders, Inc., Southwick, Massachusetts. The Joneses specifically requested of Boland that he use the installer of a particular metal roof they had seen in Connecticut: Robert Dade. In addition to the work they hired Boland to perform, the Joneses installed a new septic system.

In September 2001, Boland installed the plywood subroof and, in accordance with the Joneses' instructions, cut three skylights over the kitchen. He covered the skylights with tarpaper, but did not further cover, protect, barricade or warn of the holes. The tarpapered holes were left in that condition for several days to a week. Both Stewart and Mary Rose Jones were aware that the holes had been cut and covered with tarpaper, but not otherwise covered or barricaded. On September 7, 2001, Robert Dade went onto the roof with Boland and was shown generally the roof layout. Later that day Dade returned onto the roof with a co-worker, Michael Moffitt, to measure the drip edge. He stepped onto the tarpaper-covered skylight hole, fell through and was seriously injured.

1

Robert Dade suffered a fractured ankle/foot, requiring surgery, substantial lost work and a permanent partial disability and permanent loss of earning capacity. Dade has had to change professions, earning substantially less than before his injury ($40,000 per year less). His special damages are:

|  |  |
|---|---|
| Medical Expenses | $ 19,982.82 |
| Past Lost Income | $ 100,000.00 |
| Future Lost Earning Capacity | $1,200,000.00 |

**(b)    Defendants**

**Defendants Stewart and Mary Rose Jones' Statement of the Evidence**

The defendants Stewart and Mary Rose Jones state that the evidence will show that Boland Builders, Inc. was hired by Stewart and Mary Rose Jones as General Contractor to complete various renovations to their home located at 169 Worthington Road in Huntington, Massachusetts. A few years prior to commencing the renovations on their home, the Jones had seen a metal roof on a home that they liked. They were able to determine that Seamless Metals had done the roof on that house and they, therefore, requested that Seamless Metals install the roof. Robert Dade was hired as a subcontractor to Seamless Metals which had been subcontracted by Boland Builders to roof the buildings involved in the renovation project. Once the renovations and construction began, the Jones did not retain the right to control any of the work completed on the project.

On or about September 7, 2001, Robert Dade was injured when he fell through a hole in the roof of the addition to the Jones' home. Prior to Robert Dade's fall, Boland Builders had put plywood on the roof of the addition, cut out holes for skylights and put tarpaper over the plywood and the holes. Thomas Boland marked the location of the skylight holes with grey pencil. After the skylights had been cut and before Mr. Dade's fall, Thomas Boland stood in the kitchen of the Jones' home with Robert Dade and showed him exactly where the holes for the anticipated skylights were. Even if Robert Dade had not been present during that walk-through, a reasonable examination of the roof by Mr. Dade would have disclosed the holes.

The evidence will show that although the Jones were generally aware of the renovations and had some initial input into the work to be completed, the Jones did not involve themselves in

the performance of the work as to undertake responsibility for the overall safety of the plaintiff and did not breach any duty of care allegedly owed to Mr. Dade.

### Defendants Thomas Boland and Boland Builders, Inc.'s Statement of the Evidence

The defendants Stewart and Mary Rose Jones hired Boland Builders, Inc to perform certain work on their residential premises in Huntington Massachusetts. The Jones' had advised Mr. Boland that they had seen a metal roof in Connecticut and that they wished to engage that roofer to apply a metal roof to their residence and barn. Mr. Boland had no experience whatsoever in applying metal roofs prior to this time. At the request of the Jones', Mr. Boland engaged what he believed to be Seamless Metals to perform the work on the site. In fact, Seamless Metals apparently subcontracted the work at least once, if not twice resulting in the presence of the plaintiff on the job site. Neither the Jones' nor Mr. Boland were aware that anyone other than Seamless Metals was present on the job site. Mr. Boland also engaged other workers whom he paid "under the table" to work on the job site. Again, this was with neither the knowledge nor consent of any of the defendants in this case.

The plaintiff has admitted that he was aware that skylights would be located on the roof on the main residence. The plaintiff and other workers began working on the barn while Mr. Boland completed the work necessary for the roof to be placed on the residence. As was his usual custom and practice, Mr. Boland cut the holes out for the placement of these skylights, covered the roof with tar paper and intended to then install the skylights prior to the roofers beginning any work on the subject roof. Mr. Boland was, however, unfamiliar with the application of metal roofs and, as such, brought the plaintiff inside of the building to advise him as to the installation of the skylights as it related to the metal roof. Mr. Dade was then clearly aware that holes had been cut in the roof and covered with tar paper. Mr. Boland was required to leave the premises to obtain additional materials so as to allow him to install the skylights in the manner as advised by Mr. Dade. Mr. Boland was advised specifically by Mr. Dade that Mr. Dade would not be ready to begin working on the roof which, parenthetically, was not ready to be worked on, until the following Monday. These conversations occurred on Friday. Mr. Boland took all of his equipment away from the building and left to obtain the materials.

Without the knowledge or consent of the defendants, the plaintiff went up onto the roof and fell through the hole which had been cut out for the skylight.

Again, all evidence, but for the testimony of the plaintiff, confirms that the plaintiff was well aware of this and, perhaps most importantly, advised the defendant, by his own admission, that he would not begin work on the roof until Monday morning. The fall occurred on a Friday. Thus, the defendants had no reason to believe that anyone would be on the roof nor, arguably, did anyone have a right to be on the roof at the time of the plaintiff's fall. Because this case sounds only in negligence, it is defendants' position that the negligence of the plaintiff far exceeds that of the defendants.

Again, there remains open the possibility that there may be some exposure to the subcontractor, Seamless Metal Roofing who was the entity engaged to perform this work. The plaintiff has admitted that, at no time, did Seamless Metal Roofing or the plaintiff advise any of the defendants that he had been subcontracted by Seamless Metal Roofing to perform the job.

With respect to medical expenses as reflected in item 1(a) the answers to interrogatories provide medical expenses which total substantially less than those identified in the pretrial conference memo. Defendants object to the introduction of any medical expenses in excess of the expenses in the answers to interrogatories.

With respect to the past lost income, Defendants intend to file a motion in limine to preclude evidence of loss of earning capacity in its entirety. Specifically, with respect to the past lost income item included in the joint pretrial memorandum, however, that figure does not coincide with the documents produced in accordance with either automatic disclosure or discovery to date.

With respect to future lost earning capacity, Plaintiff has produced no information whatsoever to support this claim and has failed to identify an expert witness.

## 2. **Established Facts**

**Plaintiff:** All facts set forth in Paragraph 1, above are established by the pleading, stipulations and/or admissions except for the length of time that the skylight holes existed covered only by tarpaper prior to Dade's fall, and the extent and duration of Dade's injury and lost earning capacity.

4

**Defendants Jones**:   The facts set forth in Defendants Stewart and Mary Rose Jones' Statement of the Evidence are supported by the pleadings, discovery and deposition testimony of the parties.

**Defendants Boland:** Defendants do not agree that the information provided with respect to the evidence of the plaintiff constitutes established facts. Defendants do not believe that it is the position of the defendants to have to articulate the established facts but would suggest that the defendant's portion be included as opposed to the plaintiff if we are required to do so.

**3.    Contested Issues of Fact**
    (a)    The length of time the skylight holes exited before Dade's fall, covered only by tarpaper.
    (b)    Whether or not Dade had actual or constructive knowledge of the skylight holes
    (c)    The nature, extent and permanency of Plaintiff's injuries.
    (d)    The extent, if any, of Plaintiff's lost earning capacity.

**Response of Defendants Boland:**   Defendants do not believe item "a" is the contested issue of fact. Plaintiff has no evidence on this issue and the only evidence to be submitted is that proffered by Mr. Boland. Defendants refer to Plaintiff's answer to interrogatory no. 5 in that regard.

With respect to item b, Defendants do not agree that this is a contested issue of fact as Plaintiff has admitted throughout the course of this litigation his knowledge of the existence of the skylights. Defendants do agree that the nature and extent of the now plaintiff's injury and loss of earning capacity, assuming the same is admissible are contested issues of fact. Defendants would also add a contested issue of fact as to the conversation which Plaintiff alleges took place on the roof with Thomas Boland and/or the conversation which Mr. Boland alleges took place inside the residence. With regard to the questions raised by pending motions, Defendants anticipate filing motions in limine and believe this section should reflect existence thereof.

### 4. Jurisdictional Questions

None. This is an action in diversity of citizenship, and Plaintiff's citizenship is diverse from all Defendants. There is a good faith expectation (if liability is found) of a judgment in excess of $75,000.00.

### 5. Questions Raised by Pending Motions

None.

### 6. Issues of Law

**Plaintiff:** This is an action in negligence pursuant to the duty of contractors and the duty of landowners under Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43 (1973); Poirier v. Town of Plymouth, 374 Mass. 206, 372 N.E.3d 212 (1987), et al. OSHA, 42 CFR 1926; Mass. Construction Code 454 CMR; Massachusetts Building Code, 780 CMR; Perry v. Medeiros, 369 Mass. 836, 343 N.E.2d 859 (1976).

Whether the Joneses had a duty of care to Plaintiff for hazards created by Boland is controlled by Corsetti v. Stone, 396 Mass. 1, 483 N.E.2d 793 (1985); Santella v. Whynott, 27 Mass. App.Ct. 451, 538 N.E.2d 1009 (1989); Whalen v. Shivek, 326 Mass. 142, 93 N.E.2d 393 (1950); Bradshaw v. ITT Sheraton Corp., 19 Mass. L. Rptr. 561 (2005), Keen, J.

**Defendants Jones:** In order to maintain a negligence action against Stewart and Mary Rose Jones, the plaintiff must establish that the Jones owed some obligation or duty towards him which they left undischarged or unfulfilled. See e.g. Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43 (1973). Massachusetts law imposes a duty on a landowner to exercise care to all lawful visitors on its premises. Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43 (1973). The duty of care owed by the property owner to an employee of an independent contractor is the same as that owed all other lawful visitors on the premises. Poirier v. Town of Plymouth, 374 Mass. 206, 372 N.E.2d 212 (1978). A landowner is not a guarantor of the safety of all persons on the property and has no duty to protect a person on the premises from harm that he has no reason to foresee, or which he cannot reasonably prevent. Whittaker v. Saraceno, 418 Mass. 196, 635 N.E.2d 1185 (1994). Moreover, if a risk is of such a nature that it would be obvious to a person of average intelligence, there is no duty on the part of the property owner to warn of the risk. Polak v. Whitney, 21 Mass.App.Ct. 349, 487 N.E.2d 213 (1985). Roofing work is

hazardous and where a reasonable examination by the plaintiff would have disclosed the condition which produced his injury, there was is no duty to warn laid upon the property owner unless they have some reason to consider that a warning is necessary. Levy v. Fletcher, 356 Mass. 728, 252 N.E.2d 219 (1969).

**Defendants Boland:** Defendants intend to raise an issue as to the applicability of OSHA and or its admissibility as well as the Massachusetts Construction Code and/or Building Code in the absence of expert testimony and further the issue of retained control.

### 7. Amendments to Pleadings
None.

### 8. Additional Matters
None by Plaintiff or Defendants Jones.

**Response of Defendants Boland:** The limited discovery offered to the defendants in response to their motion to reopen discovery and continue the trial has revealed that there is clearly at least one, if not two other potential parties to this litigation. The defendants have been severely prejudiced by the plaintiff's misrepresentations throughout the course of this litigation and therefore sanctions should be imposed.

### 9. Trial Length
Two (2) to three (3) full days.

### 10. Witnesses
**Plaintiff:**
a. Robert Dade, 43 Irving Street, Bristol, CT
b. Michael Moffitt, 177 Mountain View Avenue, Bristol, CT.
c. Keith Bryant, 317 Plymouth Boulevard, Plymouth CT
d. Michael Volonino, 121 Birch Street, Bristol CT
e. Robert E. Dade, 51 Laurel Drive, Thomaston CT
f. Richard Kane, M.D., Noble Hospital, 115 W. Silver Street, Westfield MA

    g.    Michael S. Aranow, M.D., 10 Talcott Notch Road, Farmington CT

**Defendants Stewart and Mary Rose Jones:**

    h.    Stewart Jones, 169 Worthington Road, Huntington, MA

    i.    Mary Rose Jones, 169 Worthington Road, Huntington, MA

**Defendants Boland:**

    j.    Thomas Boland, Southwick, MA

Defendants object to the testimony of those persons identified in letters b-e, above.

**11.**    **Proposed Exhibits**

**Plaintiff:**

    a.    Medical Records:
- (1) Dr. Kane
- (2) Dr. Aranow
- (3) Noble Hospital

    b.    Medical Bills:
- (1) Dr. Kane
- (2) Dr. Aranow
- (3) Noble Hospital
- (4) Westfield Radiology
- (5) Salisbury Associates
- (6) ASI of Westfield
- (7) Huntington Lions Club Ambulance
- (8) Westfield Emergency Physicians
- (9) Pharmacy Bills

    c.    Witness Statement: Thomas Boland

    d.    Witness Statement: Stewart Jones

    e.    Witness Statement: Mary Rose Jones

    f.    Seamless Metal Roofing Final Report (Job Report: 2 pages)

    g.    Seamless Metal Roofing Contract and Pay Records

    h.    Robert Dade's Tax Returns

    i.    Site Photos

    j.    Life Expectancy Tables

**Defendants Jones**

    k.    Building Permit and Homeowner License Exemption

**Defendants Boland**

Defendants might object to the witness statements and will request that Plaintiff advise Defendants as to the basis for the admissibility thereof.

Defendants intend to object to the items identified in f and g for reasons previously articulated as well as Plaintiff's tax returns unless they are used solely for the purpose of impeachment.

**12.    Objections to F.R.Civ.P. Rule 26(a)(3) Disclosures**

    None.

THE PLAINTIFF ROBERT DADE
By: *[signature]*
John A. Cvejanovich, BBO #549285
O'CONNELL, FLAHERTY & ATTMORE
1350 Main Street
Springfield, MA 01103
(413) 747-1773 (phone)
(413) 746-1529 (fax)

THE DEFENDANTS BOLAND BUILDERS, INC.
AND THOMAS BOLAND

By: *[signature]*
Nancy Frankel Pelletier, BBO #_____
ROBINSON, DONOVAN, P.C.
1500 Main Street
Springfield MA 01115
(413) 732-4602 (phone)
(413) 785-4658 (fax)

9

THE DEFENDANTS
STEWART JONES AND MARY ROSE JONES

By: /s/ Daniel H. Rider Jr.
Daniel H. Rider Jr., BBO #552354
LAW OFFICE OF JOHN N. WHITE
1500 Main Street
Springfield MA 01115
(413) 788-0200 (phone)
(413) 788-7526 (fax)

Dated: 4/10/06