UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-30172-MAP

| | |
|---|---|
| ROBERT DADE, ) | |
|   Plaintiff ) | |
| ) | |
| v. ) | PLAINTIFF'S REQUESTED |
| ) | JURY INSTRUCTIONS |
| BOLAND BUILDERS, INC., THOMAS ) | |
| M. BOLAND, STUART JONES AND ) | |
| MARY ROSE JONES, ) | |
|   Defendants ) | |

## GENERAL

1. In considering the testimony and evidence, you are also permitted to consider the credibility of witnesses who testified in the case. In so doing, you may consider all witness' interest or lack of interest in the outcome of a case, bias, ability to recall, or opportunity to observe and learn the facts of a case.

2. The burden on the Plaintiff in a civil action, such as this, is to prove the elements of his claim by what is termed a "preponderance of the evidence." To establish something by a "preponderance of the evidence" means to prove to the jury's satisfaction that something is more likely so than not so. It is as through there are evenly balanced scales such that, if the Plaintiff can tip the scales even slightly in his favor, then the Plaintiff will prevail. This is not a criminal case, and so the elements of the Plaintiff's claims need not be proven "beyond a reasonable doubt." Anything is sufficiently established if the evidence before you satisfies you that it is even only slightly more likely than not, and even though there may be doubts still lingering in your minds. Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250, 29 N.E.2d 825 (1940); Zezuski v. Jenny Mfg. Co., 363 Mass. 324 (1973).

1

**NEGLIGENCE**

3. "Negligence" in its ordinary sense is the failure of a responsible person either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of a duty upon him, a person of ordinary caution and prudence ought to exercise under the circumstances. Carroll v. Bouley, 338 Mass. 625, 156 N.E.2d 687 (1969).

4. Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs. It is, in other works, the failure to use ordinary care under the circumstances. In a negligence action a Defendants are deemed to have breached a duty of care owed when they fails, either by omission or action, to exercise that degree of care, vigilance, and forethought which, in the discharge of duty then resting upon them, a reasonable and prudent person would have exercised under the circumstances. Carroll v. Bouley, 338 Mass. 625, 156 N.E.2d 687 (1959).

5. While the violation of a safety statute, ordinance or regulation is not on the issue of civil liability, it " . . . is evidence of negligence on the part of a violator as to all consequences that the statute, ordinance or regulation was intended to prevent." Follansbee v. Ohse, 293 Mass. 48, 52, 199 N.E.2d 387 (1935), quoting from Guinan v. Famous Players – Lasky Corp., 267 Mass. 501, 516, 167 N.E. 235, 242 (1929); Perry v. Medeiros, et al, 343 N.E.2d 859, 862.

6. One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of others is subject to liability to others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions. Restatement (Second) of Torts, § 424 (1965); Cheschi v. Boston Edison Co., 39 Mass.App.Ct. 133 1965), 654 N.E.2d 48.

7. The Massachusetts Building Code shall apply to all construction operations in connection with the erection, alterations, repairs, removal or demolition of buildings and structures. 780 CMR 3000.1.

8. Whenever a building or structure is erected, altered, repaired, removed or demolished, the operations shall be conducted in a safe manner and suitable protection for the workers employed shall be provided. 780 CMR 3000.2.1.

9. In addition, the following regulations also apply when not covered by the Building Code: the Rules and Regulations in Construction Operations, also called The Construction Code. 780 CMR 3000.2.1.

10. The Massachusetts Construction Code is promulgated in accordance with the provisions of M.G.L. c. 149 § 6. The Construction Code shall establish and constitute:
    a.  Reasonable requirements necessary for the prevention of accidents.
    b.  Minimum standards for the prevention of injuries at the work site.
    
    The Construction Code is applicable to all activities related to the erection, construction, alteration, demolition, repair or maintenance of buildings, structures, and all other construction projects or facilities. 454 CMR 10:02(1)(2)(a)(b)(3).

11. Employers, owners, contractors, subcontractors, superintendents or foremen in charge shall not direct or permit an employee to work under conditions which are not in compliance with or which are prohibited by the Construction Code. 454 CMR 10.03(b).

12. It shall be the responsibility of the employer to initiate and mantain such programs as may be necessary to comply with OSHA 1926.20(b), Accident Prevention Responsibilities. OSHA 1926.20(b)(1).

13. "Employer" means contractor or subcontractor within the meaning of the Act and of this part. OSHA 1926.32(k).

14. "Employee" means every laborer or mechanic under the Act regardless of the contractual relationship which may be alleged to exist between the laborer and mechanic and the contractor or subcontractor who engaged him. OSHA 1926.32(j).

15. Each employee on walking/working surfaces shall be protected from falling through holes (including skylights) more than 6 feet (1.8 m) above lower levels, by personal fall arrest systems, covers, or guardrail systems erected around such holes. OSHA 1926.501(b)(4)(i).

16. Each employee on walking/working surface shall be protected from tripping in or stepping into or through holes (including skylights) by covers. OSHA 1926.501(b)(4)(ii).

17. The floor opening cover shall be capable of supporting the maximum intended load and so installed as to prevent accidental displacement . . . (f) skylight openings that create a falling hazard shall be guarded with a standard railing, or covered in accordance with 454 CMR 10.111(7)(e)(2). 454 CMR 10.111 7(e)(2)(f).

**OWNERS' DUTY**

18. The length of time allowed to Defendants is governed by the circumstances of each case, and to a large extent depends on "the opportunity for discovery open to the Defendants' employees by reason of their number, their physical proximity to the condition in question and, in general, the likelihood that they would be come aware of the condition in the normal performance of their duties. Oliveri, at 865.

19. Landowners have a duty to exercise reasonable care to all persons lawfully on their premises. The duty of care owed by a property owner to the employee of an independent contractor is the same as that owed all other lawful visitors on the premises. ("Recognition that an employee of an independent contractor should not be made to suffer the negligence of the property owner simply would require the property owner to take those steps to prevent injury that are reasonable and appropriate under all the circumstances.") Mounsey v. Ellard, 363 Mass. 693, 297 N.E.2d 43 (1973); Poirier v. Town of Plymouth, 374 Mass. 206, 228, 372 N.E.2d 212, 227 (1987).

20. The obligation of one who controls premises is to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to him, and of which the Defendant knows or ought to know. Oliveri v. Massachusetts Bay Transportation Authority, 292 N.E.2d 863, 864 (1973).

21. In performing its duty to use care to maintain its premises in a reasonably safe condition, the Defendants are bound to anticipate conditions reasonably foreseeable, that were likely to cause injury to its visitors while using the property for the purposes for which it was provided. Lombardi v. F.W. Woolworth Co., 22 N.E. 2d 28, 29 (1939).

22. One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to

4

exercise his control with reasonable care. Restatement Torts 2d § 414.

23. If the employer retains the right to control the work in any of its aspects, including the right to initiate and maintain safety measures and programs, he must exercise that control with reasonable care for the safety of others, and he is liable for damages caused by his failure to do so. <u>Corsetti v. Stone</u>, 396 Mass. 1, 10, 483 N.E. 2d 793 (1985).

24. One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions in the contract or otherwise. <u>Restatement Torts 2d</u> § 416.

25. Whether an employer has sufficient control over part of the work of an independent contractor to render him liable . . . is a question of fact for the jury. <u>Corsetti</u> at 483 N.E.2d p.798; <u>Santella v. Whynott</u>, 27 Mass.App.Ct. 451, 538 N.E.2d 1009 (1989); <u>Cheschi v. Boston Edison Co.</u>, 39 Mass.App.Ct. 133, 654 N.E.2d 48, 51 (1995).

26. One who hires an independent contractor to perform work which is inherently dangerous is liable for failure to take precautions. <u>Whalen v. Shivek</u>, 326 Mass. 142, 150, 93 N.E.2d 393, 398 (1950).

**KNOWN DEFECTS**

27. Although certain conditions may be characterized as "known" or "obvious" to invitees, a land owner's duty of reasonable care may still require that he take reasonable steps in order to protect invitees from such harm." <u>Deibert v. Baur Bros. Const.</u>, 141 Ill.2d 430 at 435-36; <u>Ward v. K-Mart Corp.</u>, 136 Ill. 2d 132 at 156. For example, the Defendant may reasonably be expected to anticipate that invitees in the general exercise of ordinary care may fail to avoid an obvious risk because they are distracted or momentarily forgetful. <u>Bradshaw v. ITT Sheraton Corp.</u>, 19 Mass.L.Rptr 561 (2005), Kern, J., Ex. A). See <u>Deibert</u>, 141 Ill.2d at 436; <u>Ward</u>, 136 Ill.2d at 156; <u>Clifford v. Wharton Business Group, L.L.C.</u>, 353 Ill.App.3d 34, 42-43 (2004).

**PROXIMATE CAUSE**

28. To find for the Plaintiff, you must also find that any negligence of the Defendants was the

5

proximate cause of the Plaintiff's injury. An injury or damage is said to have proximately caused an act whenever it appears from a preponderance of the evidence that the act played a substantial part in bringing about the injury or damage. The Plaintiff must show that the injury was actually a direct result of a reasonable, probable consequence of the act. The Plaintiff does not have to prove that the Defendants' negligence was the only or predominant cause of the injury. If two or more factors, which operated concurrently, contributed to the Plaintiff's injury, so that in effect the damages suffered were inseparable, then it is enough for the Plaintiff to prove that the Defendants' negligence was a substantial contributing factor in causing the injury. Dunsmoor v. Cowdney, 316 Mass. 516, 56 N.E.2d 20 (1944); McKenna v. Andreassi, 292 Mass. 213, 218, 197 N.E. 879, 882 (1935). O'Connor v. Raymark Indus., Inc., 401 Mass. 586, 591-92 N.E.2d 510, 512-13 (1988). Mass. Superior Court Civil Jury Instructions § 2.1.8(a).

29. The injuries which the Plaintiff suffered must be caused by the negligent act of the Defendants; but it is not necessary that the consequences of the negligent act of the Defendants should be foreseen by the Defendants. It is not necessary that either the Plaintiff or the Defendants should be able to foresee the consequences of the negligence of the Defendants in order to make the Defendants liable. It is not necessary that injury in the precise form in which it in fact resulted should have been foreseen. It is enough that it now appears to have been a natural and probable consequence. Hill v. Winsor, 118 Mass. 251, 257, 259 (1875).

## **DAMAGES**

30. There is no special formula which the law provides to assess a Plaintiff's damages. You are to assess what is fair, adequate, and just in order fairly and reasonably to compensate Mr. Dade for any injuries proximately caused by the Defendants' claimed negligence. You must be guided by your common sense and your conscience.

    The first area is pain and suffering. Pain and suffering are two types: physical pain and suffering, and mental pain and suffering. Mass. Superior Court Civil Jury Instructions § 2.1.13(b).

      For physical pain and suffering, you are to consider the areas of the body in which you find the Plaintiff physically injured. You are take into account the past pain and suffering endured by the Plaintiff since the date of the injuries, the present pain and suffering caused by the injuries and any future pain and suffering which were proved with reasonable medical probability. Restatement (Second) of Torts, § 436 (1965).

      Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment or mental anguish resulting from the injury. W.P. Keeton, Prosser and Keeton on Torts, § 54, at 359-66 (5th ed. 1984).

      Also, you should take into account past, present and probable future mental suffering.

      Taking into consideration the nature of the injury, you are to determine what would be fair and reasonable figure to compensate the Plaintiff. You may consider the extent to which the Plaintiff's injuries have caused him a loss of pleasures which he otherwise probably would have had in the form of work or play or family life or whatever. The Plaintiff is entitled to full compensation for any reduction in the enjoyment of life which you conclude have resulted or probably will result from this accident.

      You should also consider and allow a fair, reasonable sum for any permanent condition caused by or as a result of the Defendants' wrong. This could include any permanent marks or permanent loss of bodily function. You must determine what amount will fairly and reasonably compensate for that loss.

      To arrive at a monetary figure for the Plaintiff's pain and suffering, you must use your own good sense, background and experience in determining what would be a fair and reasonable figure to compensate for past, present and future suffering such as you find has been provided by the evidence.

31. Your function on damages is to find a fair and reasonable figure, if you reach the damages issue. You should put aside in any calculation of damages, members of the jury, any considerations which do not bear on the amount of the damages. Your responsibility is to calculate what are the damages, if you reach that portion of the case, and award a fair amount, and you are not to become involved in any broad issues as to the consequences of your damages finding. Cf. doCanto v. Ametek, Inc., 367 Mass. 776, 328

N.E. 2d 873 (1975); Annot. 12 A.L.R. 2d 611, 636-642 (1950).

32. The elements which make up the damages which the Plaintiff may recover are: the reasonable value of necessary medical care incurred in the past; the reasonable value of necessary medical care to be incurred in the future, and general damages consisting of fair compensation for the Plaintiff's physical and mental pain and suffering and his reasonably probable future physical and mental pain and suffering. Rodgers v. Boynton, 315 Mass. 279, 280, 52 N.E.2d 576 (1943); Daniels v. Celeste, 303 Mass. 148, 150, 21 N.E.2d 1 (1939); Doherty v. Ruiz, 302 Mass. 145, 146, 18 N.E.2d 542 (1939); Cuddy v. L&M Equipment Co., 352 Mass. 458, 225 N.E.2d 904 (1967).

33. The next area of damages which you are to consider is medical, hospital and nursing expenses incurred by the Plaintiff on account of his injuries. Rodgers v. Boynton, 315 Mass. 279, 280, 52 N.E.2d 576, 572 (1943).

    The Plaintiff is entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary. Therefore, you must determine whether the expense was reasonably related to the treatment and care of the Plaintiff, and whether the charge itself was reasonable.

    You may also consider and allow the Plaintiff a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the accident. Griffin v. General Motors Corp., 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); Cross v. Sharaffa, 281 Mass. 329, 331-32, 183 N.E. 838, 838-39 (1933); Doherty v. Ruiz, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

    The Plaintiff is entitled to recover for whatever expenses he proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries. The Plaintiff is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation and control of disability related to the accident.

34. The third area of damages for your consideration is loss of earning capacity. The determination of the extent of impairment of earning capacity, though involving contingencies and matters of opinion, rests largely on the common knowledge of the jury, sometimes with little aid from the evidence. Griffin v. General Motors Corp., 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); Doherty v. Ruiz, 302 Mass. 145, 147, 18 N.E.2d 542 (1939). Mass. Superior Court Civil Jury Instructions § 2.1.13(d).

Whether we are employed, are retired, or never have worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors. Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry. Doherty v. Ruiz, 302 Mass. 145, 147, 18 N.E.2d 542 (1939).

If someone hurts us so that we cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you. Doherty v. Ruiz, 302 Mass. 145, 146, 18 N.E.2d 542, 548 (1939) (citing Donaghue v. Holyoke St. Ry., 246 Mass. 485, 493, 141 N.E. 278, 280-81 (1983)); Shea v. Rettie, 287 Mass. 454, 192 N.E. 94 (1934).

Evidence of wages paid is but one factor in your determination of diminution of earning capacity. Bear in mind that it is the diminution in earning capacity of this Plaintiff himself and not some standard of normal person in his position, that furnishes the test. Doherty v. Ruiz, 302 Mass. 145, 147, 18, N.E.2d 542 (1939); Braithwaite v. Hall, 168 Mass. 38, 40, 46 N.E. 398, 399 (1897).

Therefore, you may consider evidence of what the Plaintiff did until his accident, what Plaintiff's interests were, what the Plaintiff's training and experience had been, what the Plaintiff's talents were, and generally what he was like in order to help determine his capacity to earn since the accident and into the future. You may not take into account anything that is merely possible, speculative or imaginative. Bagley v. Kimball, 268 Mass. 440, 442, 167 N.E.2d 661, 662 (1929). Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge. Cross v. Scharaffa, 281 Mass. 329, 332, 183 N.E. 838, 839 (1933); Copson v. New York, New Haven & Hartford R.R. Co., 171 Mass. 233, 237, 50 N.E.2d 613, 614 (1898).

If the Plaintiff had the ability to earn money before the accident and you find there was a period of time after the accident that by reason of the injury caused by the Defendant he was unable to exercise the necessary body or mental function to earn money, then that is an area which he is entitled to have you consider. If you conclude that

the Plaintiff will not be able to work anymore because of his injuries or his ability to earn money will be permanently diminished, because of his injuries, you may calculate a sum of money to compensate the Plaintiff for that loss until the year he would not have had a capacity to earn if there had not been an accident.

35. If you find that the Plaintiff's injuries are permanent, you may include in your award at this time what you feel Plaintiff is entitled to for future mental and physical pain and suffering, for future mental anguish due to the nature of Plaintiff's injuries and for impaired earning capacity. This is because Plaintiff is entitled only one recovery for his injuries, which you are to make at this time. Plaintiff cannot come back years or even months from now and sue for additional money for medical problems which will develop in the future. You must therefore include in your award <u>now</u> any money you feel Plaintiff will be entitled to in the future for injury, expense, pain or suffering. <u>Stella v. Curtis</u>, 348 Mass. 458, 204 N.E.2d 457 (1965); <u>Lewis v. Springfield</u>, 261 Mass. 183, 158 N.E. 656 (1927); <u>George v. Jordan Marsh Co.</u>, 359 Mass. 244, 268 N.E.2d 915 (1971).

36. Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future medical expenses, past diminution of earning capacity and any future diminution of earning capacity, you should add up each of these damages to arrive at the total award. There must not be any overlapping of the various elements constituting the damages. The total sum must be fair compensation for the entire injury, no more and no less. <u>Rodgers v. Boynton</u>, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

37. While damages must be reasonably ascertainable from the evidence, the fact that there is an element of uncertainty in their assessment is not a bar to recovery. In this area, much can and must be left to the judgment and estimate of you, the finders of fact, sometimes upon meager evidence. <u>Agoos Leather Companies v. American & Foreign Ins. Co.</u>, 342 Mass. 603, 174 N.E. 2d 652 (1961).

**COMPARATIVE NEGLIGENCE**

38. With regard to the Defendant's defense of comparative negligence, the Defendants have the burden of proving, by a fair preponderance of the evidence, the negligence, if any, of the Plaintiff, and that this negligence, if any, was the proximate cause of the Plaintiff's

10

injuries.

39. The Plaintiff shall be presumed by you to have been in the exercise of due care. The Defendants have the burden of proving that the Plaintiff failed to exercise that degree of care which an average, reasonably prudent person ordinarily exercises under like circumstances. <u>Coyne v. John S. Tilley Co., Inc.</u>, 368 Mass. 230, 331 N.E.2d 541 (1975); M.G.L. c. 231 § 85.

40. A person, though bound to be on the alert in looking out . . . for his own safety, may rely to some extent on the expectation that he would not be exposed by another person to dangers which could have been avoided if proper precautions had been taken. <u>Runnells v. Cassidy</u>, 307 Mass. 128, 130 (1940).

THE PLAINTIFF ROBERT DADE

By: _____
John A. Cvejanovich, BBO #549285
O'CONNELL, FLAHERTY & ATTMORE, LLC
1350 Main Street
Springfield, MA 01103
(413) 747-1773 (phone)
(413) 746-1529 (fax)

## CERTIFICATE OF SERVICE AND COMPLIANCE

I certify that on 3/21/06 I served the within document, within the time standards provided therefor, on the parties to this action by mailing a copy, postage prepaid, to all counsel of record.

_____
John A. Cvejanovich

11

Case 3:04-cv-30172-KPN    Document 38    Filed 04/11/2006    Page 12 of 13

*The Massachusetts Law Reporter*
Mass. L. Rptr. No. 25, 561 (August 29, 2005)                561

²Since [redacted] affidavits in support of their m[redacted] court is treating the present motion as a motion for summary judgment.

³Since this court grants the individual defendants' motion to dismiss on this ground, it need not consider defendant Richard Harris' motion to dismiss for lack of personal jurisdiction.

⁴Since the plaintiff has failed to state a claim for earned wages under the Wage Act, this court finds it unnecessary to determine whether the individual defendants fall within the statute's definition of "employer."

---

**Ylisabyth S. Bradshaw et al. v.
ITT Sheraton Corp. aka Sheraton World Corp.**

Superior Court, Middlesex, SS
No. 031317
Memorandum Dated July 13, 2005

---

**Torts — Duty of Owner of Land — Open and Obvious Defects — Property Owner May Be Liable Even Though a Defect is Open and Obvious If the Possibility of Harm Through a Momentary Distraction Could Reasonably Be Anticipated.** A property owner may be liable for injuries caused by a dangerous condition even if the danger was open and obvious if it could have been reasonably anticipated that harm would occur if a visitor was distracted or momentarily forgetful. This opinion holds that a restaurant is not entitled to summary judgment on a customer's claim for injuries incurred in a fall while dancing caused by an uneven surface at the edge of the dance floor, regardless of whether the defect could be considered to be open and obvious.

---

KERN, LEILA R., J. This action involves claims for damages stemming from an accident that occurred on the ballroom dance floor while plaintiff was attending a function at the Chicago Sheraton Hotel on October 15, 2001. Dr. Bradshaw brought suit against Sheraton Corp., seeking damages for her injuries (Count I). Mr. Conrad, Dr. Bradshaw's common-law husband, also brought a claim for loss of consortium (Count II). The defendant now moves for summary judgment. For the following reasons, the Motion for Summary Judgment is DENIED.

### BACKGROUND

On the evening of October 15, 2001, the plaintiff had dinner with colleagues in the ballroom of the Chicago Sheraton Hotel. The plaintiff had consumed one glass of wine during dinner, and she took one sip from a second glass of wine before she left the drink on the table to dance with a colleague. (See Plaintiff's Deposition, page 187.) A piece of metal edging lined the edge of the dance floor, which provided a slight incline between the carpet and the dance floor. (See Plaintiff's Deposition, page 201.)

The plaintiff entered the dance floor without a problem, and she did not notice anything unusual about the dance floor. (See Plaintiff's Deposition, page 196.) As the plaintiff was dancing with her back to the edge of the dance floor, her foot hit the slanted edge of the floor, she was caught off guard, and she fell backward. (See Plaintiff's Deposition, page 197.) The plaintiff reached out her left hand in order to break her fall, and she sustained a fractured wrist. The fracture required physical therapy and numerous medical procedures, resulting in pain and suffering, as well as the impairment of the plaintiff's ability to practice medicine. (See Complaint, ¶¶8, 10-11.)

The plaintiff alleges that her fall was caused by a combination of poor lighting, crowded conditions on the dance floor, and the failure to warn her of the slanted metal transition piece, which was excessively sloped and less slippery than the rest of the dance floor. (See Plaintiff's Supplemental Answers to Interrogatories, Answers 19 and 20.)

### DISCUSSION
*The Summary Judgment Standard*

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 716 (1991); Mass.R.Civ.P. 56(c). The moving party bears the burden of establishing the absence of a triable issue. *Pederson v. Time, Inc.*, 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. *Id.* "A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial." *Kourouvacilis*, 410 Mass. at 711, citing *Celetex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and the affidavits. *Community National Bank v. Dawes*, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The summary judgment record must be viewed in the light most favorable to the non-moving party. See *Costa v. Boston Redsox Baseball Club*, 61 Mass.App.Ct. 299, 300 (2004) and cases cited. The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. *LaLonde v. Eissner*, 405 Mass. 207, 209 (1989).

*Summary Judgment is denied because genuine issues of material fact exist with respect to the issue of whether the sloped edge of the dance floor would present an open and obvious danger to a reasonable person.*

Property owners are usually relieved from liability for conditions on the property which present a danger that is open and obvious to the invitee, although this rule is subject to some limitations. See *LaFever v. Kemlite Co.*, 185 Ill.2d 380, 390 (1998); *Ward v. K-Mart Corp.*, 136 Ill.2d 132, 149 (1990). The issue of whether a danger is "open and obvious" is determined by the

objective knowledge of a reasonable person, not the plaintiff's actual subjective knowledge. *Simmons v. American Drug Stores, Inc.*, 329 Ill.App.3d 38, 43 (2002); *Wreglesworth ex rel. Wreglesworth v. Arctco, Inc.*, 317 Ill.App.3d 628, 635-36 (2000). Whether a condition constitutes an open and obvious danger is a question of fact. See *Simmons* 329 Ill.App.3d at 43; *Pullia v. Builders Square*, 265 Ill.App.3d 933, 939 (1994). In the current case, the parties dispute material facts relative to the lighting in the ballroom at the time of the accident, as well as the nature of the plaintiff's conduct in dancing backwards toward the edge of the dance floor. (See Plaintiff's Response to Defendant's Statement of Claimed "Undisputed Facts" and Elements of Law, Statement of Legal Elements, ¶12.) Thus, a question of material fact exists with respect to whether a reasonable person in the plaintiff's position would have failed to appreciate the danger presented by the edge of the dance floor.

Even if, arguendo, the edge of the dance floor posed an open and obvious risk to a reasonable person, Sheraton may still be liable if it reasonably should have anticipated harm despite such knowledge or obviousness. See *LaFever*, 185 Ill.2d at 390; *Deibert v. Bauer Brothers Construction Co.*, 141 Ill.2d 430, 437 (1990); *Ward*, 136 Ill.2d at 149, quoting the Restatement (Second) of Torts, §343A (1965). The Illinois Supreme Court has recognized that, although certain conditions may be characterized as "known" or "obvious" to invitees, a land owner's duty of reasonable care may still require that he take reasonable steps in order to protect invitees from such harm. See *Deibert*, 141 Ill.2d at 435-36; *Ward*, 136 Ill.2d at 156. For example, the defendant may reasonably be expected to anticipate that invitees in the general exercise of ordinary care may fail to avoid an obvious risk because they are distracted or momentarily forgetful. See *Deibert*, 141 Ill.2d at 436; *Ward*, 136 Ill.2d at 156; *Clifford v. Wharton Business Group, L.L.C.*, 353 Ill.App.3d 34, 42-43 (2004). Thus, a genuine issue of material fact exists as to whether Sheraton should have reasonably anticipated that guests would become distracted and disregard the risk posed by the metal edge of the dance floor while dancing.

"Whether a defendant has breached its duty is a question of fact for resolution by the jury." *Deibert*, 141 Ill.2d at 441; see *Ward*, 136 Ill.2d at 156; *Mieher v. Brown*, 54 Ill.2d 539, 544 (1973). If the conditions in the ballroom, including its lighting, indicate that Sheraton should have anticipated such harm, a factual question remains as to whether Sheraton failed to exercise reasonable care in order to protect its guests from the harm and whether such failure was the proximate cause of Dr. Bradshaw's injury.

### ORDER

It is therefore ORDERED that Defendants' Motion for Summary Judgment be DENIED.

---

### Commonwealth of Massachusetts v. Can-Port Amusement Corp. dba Paris Cinema et al.[1]

Superior Court, Worcester, SS
No. 050295
Memorandum Dated June 29, 2005

**Torts – Nuisance – Common Nuisance Abatement Act – Act Is Not Unconstitutionally Vague Even Though There Is No Statutory Definition of "Lewdness."** The use of the "lewdness" provision of the Common Nuisance Abatement Statute, M.G.L.c. 139, §4 (authorizing an injunction against the use of any building "for prostitution, assignation or lewdness"), to enjoin a movie theater from permitting gay patrons to engage in open and visible sexual activity is not unconstitutional. The defendant unsuccessfully argued that the "lewdness" provision is unconstitutionally vague and overbroad.

**Constitutional Law – First Amendment – In General – No Constitutional Right to Engage in Public Sexual Conduct.**

**Torts – Nuisance – Common Nuisance Abatement Act – No Constitutional Right to Engage in Public Sexual Conduct.** There is no constitutionally protected right to engage in sexual conduct in public.

**Torts – Nuisance – Common Nuisance Abatement Act – Civil Action Under the "Lewdness" Provisions of the Act Does Not Require Proof of Actual "Shock" or "Alarm" Experienced by a Third Party.** Unlike a criminal prosecution for the offense of "open and gross lewdness" under M.G.L.c. 272, §16, a civil action under the "lewdness" provision of the Common Nuisance Abatement Act, M.G.L.c. 139, §4 (authorizing an injunction against the use of any building "for prostitution, assignation or lewdness"), does not require proof that the allegedly "lewd" conduct caused shock and alarm experienced by a third party. Therefore an action to enjoin a theater from permitting open and publicly visible sexual activity by gay patrons while attending movies can be maintained even though there is no evidence that any individual patron was "shocked" or "alarmed" by the conduct.

---

FECTEAU, FRANCIS R., J. On February 16, 2005, the Grand Jury for Worcester County returned a one-count indictment against the defendants, Can-Port Amusement Corporation, d/b/a Paris Cinema (hereafter referred to as "Paris Cinema" or "theater") and Robert J. Hurwitz ("Hurwitz"), charging them with maintaining a nuisance in violation of G.L.c. 139, §§4 and 5. The Commonwealth has also filed a civil complaint pursuant to G.L.c. 139, §6 et seq., seeking a permanent injunction barring the defendants from maintaining a nuisance on the premises. On April 1, 2005, Justice Peter W. Agnes, Jr., issued a preliminary injunction ordering the defendants to cease and desist from maintaining a nuisance on the premises [19 Mass. L. Rptr. 211].

